COMMONWEALTH
     vs
TRUSTEES HOP-
  KINSVILLE.
illegal taking, &c. And although the plaintiff might
have been entitled to some damages under this count, yet
as the damages were clearly fixed by the Court, not in
reference merely to the actual injury and its circumstan-
ces, but according to a rule erroneously supposed to be
furnished by the statute, we are of opinion that the judg-
ment being founded upon this error and infected by it,
is itself erroneous.

---

INDICTMENT.   Commonwealth *vs* Trustees of Hopkins-
                         ville.

ERROR TO THE CHRISTIAN CIRCUIT.

*Case* 11.       *Indictments.    Trustees of towns.    Jurisdiction.*

*September* 19.   JUDGE BRECK delivered the opinion of the Court.

Case stated.
THIS writ of error is prosecuted to reverse an order of
the Christian Circuit Court, quashing an indictment
against the defendants in error, as Trustees of the town
of Hopkinsville, for permitting the Main street in said
town to be obstructed by piles of wood, and divers quan.
tities of rubbish, &c.

Trustees of towns are authorized by statute, (2 *Stat.*
*Laws.* 1506,) to cause the streets to be cleaned and re-
paired by the inhabitants thereof; and the act further pro-
vides, that if they, the inhabitants, or any of them, shall
refuse to clean and repair the part of said streets assign-
ed them, it shall be lawful for said Trustees, or a ma-
jority of them, to hire the cleaning and repairing of said
streets, and levy the price thereof on the person or per-
sons so failing and refusing, &c.

Ample power is thus given the Trustees of towns to
cause the streets thereof to be kept clean and in repair,
and having the power, it is very clearly their duty to use
it. And for their failure to do so, and to cause the streets

The Trustees of
towns in Ken-
tucky are au-
thorized to re-
quire the streets
to be kept in re-
pair by the in-
habitants there-
of, and for fail-
ing to do so, are
liable to indict-
ment, and to *fine*
and *imprison-
ment* by the com-
mon law.

to be kept in repair, there can be no doubt, we apprehend, that they would be subject to be proceeded against by indictment and punished.

But as there is no statutory provision authorising such proceeding and prescribing the punishment, the indictment in this case can only be sustained as an indictment at common law, and such it was evidently intended to be. The offence charged in the indictment, is for suffering a nuisance in a public street, which, as we have seen, it was the duty of the Trustees to have had abated or removed  At common law such an offence is punishable by fine and *imprisonment*: (2 *Chit. Crim. Law*, 343, and authorities there cited;) (1 *Salkeld*, 359; 1 *Hawkins*; *Pleas of the Crown*, 695.) And as this Court has no jurisdiction in a criminal or penal case, in which *imprisonment* constitutes any part of the punishment for the offence charged, except in behalf of a defendant against whom judgment has been rendered, as provided by the act of 1841, it follows that the judgment of the Circuit Court in the case before us, although in our opinion erroneous, cannot be revised by this Court.

Wherefore, the writ of error must be quashed for want of jurisdiction in this Court.

*Cates, Attorney General*, for Commonwealth; *N. E. Gray* for defendants.

As the punishment of trustees of towns for failing to cause the sts. to be kept in repair is fine *and* imprisonment, this court has no jurisdiction since the statute of 1841, to revise a judgment of the circuit court in such cases except at the instance of the defendant.