CASE 45—INDICTMENT AGAINST THE CITY OF GEORGETOWN FOR PER-
MITTING A ·NUISANCE WITHIN THE CITY LIMITS.—APRIL 29.

# City of Georgetown v. Commonwealth.

APPEAL FROM SCOTT CIRCUIT COURT.

DEFENDANT CONVICTED AND APPEALS.    REVERSED.

MUNICIPAL ·CORPORATIONS—FAILURE TO ABATE NUISANCE—CRIMINAL
LIABILITY.

Held:    1. A municipal corporation is not liable to indictment and
fine for permitting a nuisance, to which it has not contributed,
to continue on private property within its limits, though it
has passed ordinances punishing the maintenance of nuisances,
and possesses power to abate them; its functions in this regard
being exercised merely as an agency of the State, and not for
its own peculiar purposes.

W. S. KELLY, ATTORNEY FOR APPELLANT.

The city of Georgetown was indicted, tried and convicted of
permitting a nuisance in said city by "suffering offal, filth,
excrement, vegetable and animal matter, refuse from a gas plant,
and the ordinary sewerage of the community to flow into an
open gutter and drain, between the gas plant and Spring branch
in said city, and therein to remain rotting and festering, emit-
ting noxious and poisonous gases and offensive odors," to the
common nuisance of all the people therein, etc.

The evidence showed that the drain complained of is a nat-
ural drain or hollow between two hills, running from the gas
plant to the Big Spring branch, and is entirely on private prop-
erty except at the point where it passes under the streets of
the town where there are culverts entirely covered; that the gas
plant empties its refuse into this drain and the refuse matter
from sewer water closets, empty into it.

The gas plant is owned by private individuals and the city
has no interest in or control over it.

Our contention is, that the indictment does not charge an
offense against the city, and defendant's demurrer thereto should
have been sustained.

Before a city can be held liable in an indictment or civil ac-
tion, the nuisance complained of must arise not from private

City of Georgetown v. Commonwealth.

property, but from property over which the city has absolute control. The real offender is liable, and not the city, and may be prosecuted by indictment or by civil action.

### AUTHORITIES CITED.

James' Admx. v. Trustees of Harrodsburg, 8 Ky. Law Rep., 901; Arnold v. City of Stanford, 24 R., 627.

CLIFTON J. PRATT, ATTORNEY GENERAL, AND McKENZIE R. TODD, FOR APPELLEE. /

The theory of appellant is that inasmuch as the natural drain passed through private property as well as through covered sewers at street crossings, the city is not liable to prosecution by indictment.

There can be no question that the allegations and facts proved show the existence of a public nuisance, and the city is clearly liable if it has suffered or permitted the nuisance to exist, as a city of the fourth class has full power to abate all nuisances. Kentucky Statutes, sec. 3490, subsec. 7. Where the injury is continuous and affects the public, the remedy is by indictment.

### CITATIONS.

Kentucky Statutes, sec. 3490, subsec. 7; Seifried v. Hays, 81 Ky., 377; 7 B. Monroe, 38; 3 Metc., 494; Am. & Eng. Emcy. of Law, vol. 15, p. 1196; State v. Barksdale, 5 Humph. Tenn., 154; 5 Sneed, Tenn., 578.

OPINION OF THE COURT BY JUDGE NUNN—REVERSING.

At the May term, 1902, of the Scott circuit court, an indictment was returned against appellant, a city of the fourth class, in the usual and proper form, charging, in substance, that it did unlawfully suffer and permit in an open gutter, drain and sewer between the gas plant and "Big Spring Branch," two points within the limits of the city, all sorts of filth, excrement, vegetable and animal matter, refuse and waste from the gas plant, and the ordinary sewerage of the community in, through and along the open gutter, drain and sewer to flow therein, and to remain rotting and festering, and giving forth and emitting noxious and poisonous gases, charging and burdening the atmos-

phere with dangerous and offensive odors, and disturbing the comfort of all good people, etc. On the plea of not guilty the evidence showed, in substance, the following facts: That there was a natural drain running from the gas plant to "Big Spring Branch," the drain passing along through the city, and into this drain the waste from the gas plant was permitted to flow, likewise the filth from privies on private property along this drain, and especially during the dry seasons of the year, when water was not flowing in this drain, it became very obnoxious and offensive to the smell and was in fact a nuisance. The gas plant was not owned or operated by the city. It was shown by the record that the city council had passed ordinances making it an offense, and fixing the penalties therefor, for causing, maintaining or permitting in the city limits noxious or unhealthy matter in such a drain or in any place within the city. The trial resulted in a verdict against the appellant for $480, and, the court refusing to set aside the verdict and grant a new trial, the case is here on appeal.

If the corporation, the appellant, is liable to be indicted and fined for such an offense as proven in this case, then the judgment ought to stand. The only question to be determined is whether or not it is liable. As this is an important question to the State and all the cities and towns in the State, we have taken great pains to examine all the authorities touching the subject within our reach. This direct question, so far as we have been able to find, has never been before this court before; that is, as to whether or not a municipal corporation can be indicted and fined for its failure to cause the abatement of a nuisance, or cause the punishment of the individuals creating and suffering the same on their private property. There is no pretense that the city or its officials created or caused the

nuisance, or that it exists on any property belonging to or under the control of the appellant, except the ordinary police control as the agent of the State. In the case of Dudley v. The City of Flemingsburg, 24 R., 1804, 72 S. W., 327, the court said: "There are two general principles underlying the administration of government of municipal corporations. The one is that a municipal corporation, in the preservation of peace, maintenance of good order, and enforcement of the laws for the safety of the public, possesses governmental functions and represents the State. The other is where the municipal corporation exercises those powers and privileges conferred for private, local or merely corporate purposes peculiarly for the benefit of the corporation. Under the former the city is not liable for malfeasance, misfeasance or nonfeasance of its officers. Under the latter it is." ' This prosecution is based upon the theory that the city is liable to punishment for the failure of its officials to abate a nuisance and to prosecute the individuals responsible therefor. Nuisances are offenses at common law, and the persons creating or permitting them are liable to indictment wherever committed; and when the State grants to a city the power to abate or pass ordinances to punish persons guilty of such offenses this right is exercised only in aid of sovereignty in the enforcement of its laws for the comfort, safety and health of the public. The city, in such a case, becomes a part of the sovereignty, and therefore is not liable to indictment. A municipal corporation is not liable for the acts of its officers in enforcing or the failure to enforce the criminal or penal laws of the Commonwealth or the penal ordinances of the city. In Taylor v. City of Owensboro, 98 Ky., 271 (17 R., 856), (32 S. W., 950), the court, in an action seeking to make the

city liable for the malfeasance and misfeasance of its officers, said: "The municipal corporation in all these and the like cases represents the State or the public. The police officers are not the servants of the corporation. The principle of respondeat superior does not apply, and the corporation is not liable unless by virtue of a statute expressly creating the liability. The cases rest on the ground that municipalities represent the Commonwealth, and municipal officers, while engaged in duties relating to public safety and in the maintenance of public order, are the servants of the Commonwealth"—and refers to Dillon on Municipal Corporations, sections 974, 975; Pollock's Adm'r v. City of Louisville, 13 Bush, 221, 26 Am. Rep., 260; Jolly's Adm'x v. Hawesville, 89 Ky., 279 (11 R., 477), (12 S. W., 313); and Prather v. Lexington, 13 B. Mon., 559, 56 Am. Dec., 585. The case of State v. Town of Burlington, 36 Vt., 524, was where the city was indicted for suffering and permitting a nuisance wherein the slop and waste water from the premises of several individuals was conducted into a ditch, from which offensive and unwholesome odors arose, offensive to the inhabitants living on the street. The court, after discussing the liability of the city upon statutory questions, decided the case upon broader principles, and said: "But we are also of opinion that the removal or abatement of nuisances erected or created by private persons can not be considered as a corporate duty imposed by law upon towns. . . . This can not be considered as creating a corporate duty on the town, unless we can assume that all and every duty which by general laws is devolved upon officers elected by the town is a corporate duty, and that the failure of every town officer to perform his official duty subjects the town to suit or indictment if the consequence is injurious either to any individual or to the com-

munity generally. But no such principle has ever been understood to prevail, except where the liability was created by statute. . . . The general supervision of the business affairs and concerns of towns is given to selectmen, and in the performance of such duties they are the agent of the town, and they may bind the town by their acts, and the town be liable for their acts, in much the same manner and upon the same principles that obtain between ordinary principals and agents. But when the Legislature by general laws devolve certain duties relative to the general police upon selectmen, they do not become corporate duties and obligations of the town, any more than such duties required to be performed by constables, grand jurors or justices of the peace. If there is any liability to individuals or to the public growing out of their failure to perform such dutes, it is upon the officers, and not upon the town." Cities are liable for the malfeasance of their officials in matters peculiarly pertaining to their benefit and advantage, but not for their failure to enforce or for nonenforcement of the criminal and penal laws of the sovereignty. Upon this principle the town of Marion was made liable to McGraw. The town imprisoned him for the failure to pay a license fee, unconstitutionally imposed, for the peddling of spectacles in the town. The court, in substance, said that the license fee was for the sole benefit of the town, and McGraw had not committed any offense against the criminal or penal laws of the State, and therefore the officials of the town were not in that matter acting as agents of and in aid of the State in the enforcement of her laws, but were acting as the agents for the town, and solely for its pecuniary benefit. McGraw v. Town of Marion, 98 Ky., 673 (17 R., 1254), (34 S. W., 18).

Counsel cite, as sustaining the judgment of the lower

court, Dillon on Municipal Cor., section 933; A. & E. Ency. of Law, vol. 20 (2d Ed.), 1209-31; Hammar v. City of Covington, 3 Metc., 494; Commonwealth v. Trustees of Hopkinsville, 7. B. Mon., 38; Bragg v. City of Bangor, 51 Me., 532; State v. Barksdale, 5 Humph. (Tenn.), 154; Mayor, etc., of Town of Chattanooga v. State, 5 Sneed (Tenn.), 578, and Seifried v. Hays, 81 Ky., 377, 5 R., 369, 50 Am. Rep., 167.

Dillon on Municipal Corporations, section 933, is as follows: "Neglect of duty in respect of repairs of streets, etc. In Tennessee a municipal corporation is considered liable, upon the general principles of common law, to indictment for neglecting its duty to keep its streets in reasonable repair, and it is no defense that the street is little used, and is in a remote part of the town. And the mayor and aldermen may also be personally indicted for like neglect of duty. So in the same State it is held, upon the general principles of the law, that if a municipal corporation has power by its charter to pass such ordinances as may be necessary 'to preserve the health of the town and to prevent and to remove nuisances,' it is its positive duty to exercise this power, and that for a neglect of this public duty it or its officers are liable to an indictment. An indictment against the mayor and aldermen was accordingly sustained for permitting a slaughter house to be kept upon the private property of the citizen or the town, to the annoyance of the inhabitants and the endangering of the public health; the court remarking that 'an indictment against the corporation is the proper mode of redress by the public for a grievance of this nature.' In Vermont a town is liable to an indictment as at common law for not erecting a bridge pursuant to an order from a competent tribunal. In Maine towns charged with the maintenance of public highways are by statute indicted for failure to discharge

their duty in this respect, and the general principle is as-
serted in such cases that, where the town is civilly liable
in damages, it may be indicted." It will be noticed that
the part of this section which refers to making corporations
criminally liable for the failure to abate or permitting nui-
sances on private property refers solely to authorities in
the State of Tennessee in support thereof. The authorities
referred to are State v. Shelbyville, 4 Sneed, 176; Hill v.
State, Id., 443, and McCrowell v. Bristol, 5 Lea, 685. The
case of State v. Shelbyville was where an indictment was
against the mayor and aldermen of the town for permitting
a public nuisance, to-wit, a slaughter house, to be kept by
a private citizen in the town, alleged to be a nuisance, and
for their failure to abate or suppress it. The court said
that they were liable, and the court stated in that opinion
that the corporation was also liable to indictment. This
was mere dictum, and the court did not cite any authority
to support the statement. In the case of Hill v. State the
mayor and aldermen of an incorporated town were indicted
and punished individually for their failure to keep in repair
the public streets of the town. The court sustained the
judgment of the court below. It will be seen that this
case is not in point, because it has reference to the public
streets of the town. The case of McCrowell v. Bristol was
where McCrowell sued the mayor and aldermen of the town
of Bristol, alleging that they had aided in establishing a
nuisance, to-wit, a saloon, on property adjoining his dwell-
ing, and suffered and permitted drunken and boisterous per-
sons to assemble, congregate and remain there, to his an-
noyance and damage. The court in that case said that he
could not recover.

A. & E. Enc. of Law (2d Ed.), vol. 20, page 1209, is as fol-
lows: "A municipal corporation is liable for the creation

or maintenance of a nuisance whereby an individual sustains special injury.  And a city is also liable if it licenses the creation or maintenance of a nuisance by third persons. But though cities have, as a rule, the power to abate nuisances, and it is their duty to abate them, yet there is no liability in damages for a failure to exercise the power of abatement.  But a municipal corporation has been held liable to indictment for a dereliction of duty in such respect. If a city, having power to prevent and remove nuisances, invades and trespasses upon the rights of an individual in undertaking to exercise such power, it is liable in damages therefor."  The author, in the use  of this language, "But a municipal corporation has been held liable to indictment for a dereliction of duty in such respect," refers only to the case of State v. Shelbyville, 4 Sneed, 176, to uphold it. Again, in same book, page 1231, this language is found: "Where duties of a public nature are imposed upon municipal corporations, such corporations are liable to indictment if they fail to discharge those duties according to law;" and refers, as authorities to sustain it, to the Tennessee cases above referred to.  Also the cases of Richardson v. Boston, 24 How. (U. S.), 188, 16 L. Ed., 625; Hammar v. Covington, 3 Metc., (Ky.), 494; Bragg v. Bangor, 51 Me., 532; Commonwealth v. New Bedford Bridge, 2 Gray, 339: and State v. Canterbury, 28 N. H., 195.

We have already discussed the Tennessee cases referred to.

The case of Richardson v. Boston was where the plaintiff, Richardson, was the owner of two wharves running from high to low water mark.  The city owned a strip of ground 30 feet wide between the two wharves.  The plaintiff sued the city for creating and maintaining a nuisance upon its property.  The statement of the case shows that it has no

application to the case involved here. The case of Ham-
mar v. Covington was where the court said that individuals
whose property was about to be destroyed by the giving
away of a street of a city had the right to a writ of man-
damus against the council to compel them to have the
street repaired. The case of Bragg v. Bangor was where
the court said, "Towns may be indicted and fined for al-
lowing their highways to become unsafe and inconvenient."
The case of Commonwealth v. New Bedford Bridge was
where the proprietors of a private corporation, called the
"New Bedford Bridge," were indicted for creating and main-
taining a nuisance in the manner of erection and mainte-
nance of its bridge. The case of State v. Canterbury was
where the town was made liable to indictment for not
building and repairing bridges as parts of the highway in
which they are situated. The case of Commonwealth v.
Trustees of Hopkinsville, 7 B. Mon., 38, was where the trus-
tees of the town were indicted for their failure to keep the
streets clean. The case of Seifried v. Hays, etc., 81 Ky.,
377 (5 R., 369), 50 Am. Rep., 167, was where Seifried was
running a slaughterhouse on his own property, and the ap-
pellees sought an injunction restraining him from continu-
ing the nuisance, and the court enjoined and restrained him
from keeping dead animals, or any parts of dead animals,
on his premises in such manner, as would cause the offensive
odor and stench complained of.     And in the opinion the
court remarked that an indictment against the appellant
would have been the proper remedy. It will appear from
the statement of all the cases referred to that they have
no application to the question before us.

We have found two cases decided by the superior court
of this state which are apparently in conflict with the views
herein expressed by this court. One case is The City of

Paris v. Commonwealth (opinion by Judge Richards) 4 Ky. Law Rep., 599. After announcing the true doctrine, he uses this language: "But whenever the ministerial powers or duties of municipal corporations are involved, they stand before the criminal law upon the same footing with all other corporations. To this class belongs the duty to abate public nuisances." He then refers to the case of State v. Shelbyville, 4 Sneed, 177, supra, as the only authority to sustain such a proposition. The other case is Commonwealth v. The City of Paducah, opinion by Judge Ward, 6 Ky. Law Rep., 292. We have examined the manuscript opinion in this case, and find that he refers to as authority, only Morawetz on Private Corporations, section 94, Dillon on Municipal Corporations, section 933, and Angell & Ames on Corporations, sections 394-6. We have in this opinion quoted and discussed Dillon on Corporations, section 933, and we have examined the sections referred to in Morawetz and Angell & Ames on Corporations, and find that they have reference alone to private corporations, and have no application to this case.

We have been unable to find any authority in any state sustaining the contention of the Commonwealth, except the case of State v. Shelbyville, 4 Sneed, 176, above referred to. Wherefore the case is reversed, and the cause remanded for further proceedings consistent herewith.