City of Lexington v. Batson's Adm'r.

---

CASE 62—ACTION BY OTTO BATSON'S ADM'R AGAINST THE CITY OF LEXINGTON FOR CAUSING THE DEATH OF PLAINTIFF'S INTESTATE.—JUNE 15.

## City of Lexington v. Batson's Admr.

APPEAL FROM FAYETTE CIRCUIT COURT—WATTS PARKER, CIRCUIT JUDGE.

JUDGMENT FOR PLAINTIFF AND DEFENDANT APPEALS. REVERSED.

CONTAGIOUS DISEASES—HOSPITALS—MAINTENANCE—CITIES—GOVERN-MENTAL DUTIES—TORTS OF OFFICERS—MALTREATMENT OF PATIENTS —REMEDIES.

1. Ky. St. 1903, sec. 3058, authorizes cities of the second class to establish and enforce quarantine laws to prevent the in-

troduction and spread of contagious diseases, and establish hospitals, and section 2059 requires the city council to appoint a board of health, with the same powers within the city that the county board exercises throughout the county. HELD, that a city, in operating and maintaining such hospitals, acts in a governmental capacity, and is therefore not liable for the torts of its officers in charge thereof in maltreating its inmates.

2. Where plaintiff's decedent was confined in a contagious hospital of a city, and died by reason of maltreatment, received from the city's officers in charge thereof, plaintiff's remedy was by indictment of such officers and a civil action against the individuals guilty of such wrongs.

WM. ROGERS CLAY AND C. W. MILLER, FOR APPELLANT.

Though presented here in a different form this case presents the single question of whether or not a municipal corporation which is authorized to establish an eruptive hospital, and make all necessary regulations for the protection of the public health, is liable for the negligence of its officers and agents in conveying the person afflicted with smallpox to the eruptive hospital, and failing to give him proper food and attention.

We rely in this case upon the ruling of this court in the case of Twyman's Adm'r v. Board of Council of Frankfort, 25 R., 1620 (78 S. W., 446); wherein it was held that "where a city acting in its governmental capacity passed ordinances for the care of persons having contagious diseases at the pest house, and for their removal thereto, the city could not be a participant in the negligent acts of its officers who had charge of the enforcement of such ordinances."

BEAUCHAMP & CALHOUN, ATTORNEYS FOR APPELLEE.

1. We submit that this case is not governed by the rule laid down in the Twyman case on which appellant relies for reversal.

2. The allegations of the petition, which were sustained by the proof, show that plaintiff's intestate was a strong, healthy child, without a symptom of smallpox or other disease, and was, without his consent or his parent's consent, taken by the city officers, and confined in its hospital which was filthy and unwholesome and without the means of providing proper care and treatment for patients, and confined in a room filthy, foul, unventilated, occupied by at least three other persons afflicted with smallpox, where the air was contaminated with the exhalations of said disease, excluded from obtaining or receiving necessary food, medical attention, ventilation, and nursing, which caused him to sicken and die of said disease.

City of Lexington v. Batson's Adm'r.

3. It certainly can not be concluded in laws or morals that the city of Lexington, where it economized its means, and subserved the interests of its taxpayers, by omitting to furnish food, medical attention and nursing necessary to maintain its hospital in such condition as to give the afflicted inmates a reasonable chance for life, was in good faith making an effort to protect the public health.

4. We submit that the inmates of a hospital are as truly a part of the public as the same number of people living in the vicinity, therefore any defect, in the hospital or in its management which "worketh hurt or injury" to its inmates is, in fact, and in law, a nuisance, and if the city can be held exempt from liability on the ground of having acted in its public capacity for the public health, we have the anomaly of a wrong, and probably a series of wrongs, without a remedy.

### AUTHORITIES CITED.

Clayton v. City of Henderson, 20 R., 87; Edwards v. Town of Pocahontas, 47 Fed. Rep., 268; Twyman's Adm'r v. City of Frankfort, 25 R., 1620.

OPINION OF THE COURT BY JUDGE O'REAR—REVERSING.

Appellant, a city of the second class, is given the power to establish and enforce quarantine laws and regulations to prevent the introduction and spread of contagious diseases within the city, and to establish and maintain eruptive hospitals in the city. Section 3058, Ky. St., 1903. It is likewise made the duty of the city council to appoint a board of health, which has the same powers within the city that the county board of health has in the county under the statute. Section 2059, Ky. St., 1903. Appellant had established such hospital and appointed the board of health. During an epidemic of smallpox in the city, plaintiff's intestate had been exposed to contagion; and was consequently confined by the order of the board of health in the city hospital. He became sick of the disease, and died. It is charged that the city suffered its pest house to become foul and unfit for use as such, and that it negligently failed

to provide a suitable pest house for the detention and treatment of those who had been exposed to or had the disease, that the city failed to provide competent physicians, or suitable or any medicines, or sufficient clothing or covering, or sufficient or fit food for the inmates; that those in charge neglected plaintiff's intestate in his sickness—by reason of all which he died. The evidence, it is conceded, was sufficient to sustain the jury's verdict finding for the plaintiff.

Under the authority of Twyman's Adm'r v. Board of Councilmen of Frankfort (117 Ky., 518, 25 R., 1620), 78 S. W., 446, we must hold that the city is not civilly liable in tort for the acts complained of. The remedy, and so far as we know, the only present legal protection, of those unfortunates who may be maltreated as is charged in this suit is by an indictment of the officers in charge for misfeasance or nonfeasance, and a civil action against the individuals who have been guilty of the wrongs. Plaintiff joined the members of the board of health as defendants to the suit. But the court let them out on a demurrer to the petition. Just why does not appear. But as there is no appeal or cross-appeal by appellee, we refrain from commenting further on that action.

The judgment against the city is reversed, and cause remanded, with directions to dismiss the petition.