Case 26.—ACTION BY W. H. DYER AGAINST THE CITY OF
NEWPORT TO ENJOIN THE EXECUTION OF A CON-
TRACT TO SUPPLY WATER TO AN ADJACENT MUNICI-
PALITY.—June 12.

## Dyer v. City of Newport, &c.

123  203
j137  524

Appeal from Campbell Circuit Court.

A. S. BERRY, Circuit Judge.

Judgment for Defendants. Plaintiff appeals. Re-
versed.

1. Municipalities—Contract to Supply Water to Outsiders—Injunc-
tion—Taxpayer May Sue—Ultra Vires—An action is maintain-
able by an individual taxpayer of a city to enjoin the execution
of a contract made by the city to supply an adjoining munici-
pality with water, on the ground that the contract is ultra
vires.
2. Same—Governmental Duties—Territorial Restrictions—A city is
not authorized to undertake by contract, or otherwise, to dis-
charge a governmental duty to localities other than its own
territory for the reasons, first, that a municipality has only
such power as is expressly delegated to it by the legislature and
such as is incidentally included therein; and, second, that to
execute any power of government presupposes the power to
levy and collect taxes from its inhabitants and property within
its jurisdiction to defray the expenses incurred in its execution.
3. Same—Where a city owns and operates its own electric light
plant or its own waterworks, it may legally sell any excess of
its product to outsiders, but it can not acquire a franchise, by
purchase or otherwise, in the absence of legislative authority,
to operate a waterworks system in and for the benefit of
another municipality.

LUCIUS DESHA for appellant.

1. We question the power of the trustees to grant the franchise
because the power to establish and maintain water-works is not
expressed either in the original charter or in the general provisions
for the government of towns of the sixth class.

2. The carrying on of the business of establishing or extending
its own water-works beyond the city limits and supplying other

municipalities and their inhabitants or other outside individuals or corporations with water for profit is extra-municipal and is not within the powers of city officials, unless that particular power has been expressly granted (and not revoked) by the legislature.

## AUTHORITIES CITED.

Ky. Stats., sec 2741, sec. 3660, sec. 3704 sub-sec. 7; City of Covington v. District of Highlands, 24 R., 436; Dillon on Municipal Corporations, 4th Ed., secs. 656, 680, 691, 697, 89, 90, 91; Constitution of Ky., sec. 166; Kentucky Stat., sec. 3040; Ky. Stat., sec. 3058, sub-sec. 4; Henderson v. Young, 26 Ky. L. R., 1152.

C. L. RAINE, attorney for appellee, Dist. of Clifton.

## POINTS AND AUTHORITIES.

1. The District of Clifton under its charter had authority to pass the ordinance providing for the sale of the franchise for supplying the District of Clifton and its inhabitants with water. (White v. Commonwealth, 92 South Western Reporter, page 285, May 16.)

2. The charter of the District of Clifton is in full force and effect, and never been repealed by the new Constitution or any Act of the Legislature. (City of Covington v. District of Highlands, 68 South Western Reporter, 669; Board of Education of Hawesville v. Louisville, H. and St. L. R. R., 62 South Western Reporter, 1126.)

JAS. T. THORNTON and AUBREY BARBOUR, attorneys for City of Newport and Water Works Commissioners.

## PROPOSITIONS DISCUSSED.

1. The City of Newport has the power to supply an adjoining municipality with water from the city's water system and to purchase a franchise from said municipality for said purpose. (Sessions Acts 1871, Vol. 1, page 53; Kentucky Statutes, secs. 3040, 3058, sub-section 4, 3143; City of Newport v. Commonwealth, K. L. R., 21, page 42; Henderson v. Young, 26 K. L. R., 1152.)

2. The District of Clifton has the power to pass an ordinance providing for the sale of a franchise to occupy its public ways for the purpose of laying water pipes to supply its inhabitants with water. (Session Acts 1887-8, page 255; Witcher v. Holland W. W. Company, 20 N. Y. Supp., 560; Rogers v. City of Wickliffe, 29 Ky. L. R., 587.)

OPINION BY JUDGE O'REAR—Reversing.

Newport is a city of the second class. As such it has the power to provide its citizens with water, and in pursuance of that power has installed and is operating a municipally owned waterworks plant. It was of course provided by taxation upon its citizens. Clifton is a municipality lying outside, but alongside, the city of Newport. It was created by an act of the Legislature prior to the adoption of the present Constitution. Its legal autonomy has not since been changed. City of Covington v. District of Highlands, 113 Ky. 612, 24 Ky. L. R. 433; 68 S. W. 669. Clifton is authorized by provision of its charter to enact by-laws and ordinances for the general welfare of the municipality and its inhabitants not inconsistent with the Constitution and laws of the United State and of this State. Under that provision, and in the exercise of its police power, it has the right to provide for the public health, and the public safety against fires, by contracting for a supply of water to be furnished either by the municipality or by another under contract with it. 1 Dillon's Mun. Corp. 147. In pursuance of that power, Clifton passed an ordinance to sell the franchise for twenty years of laying pipes and mains in its streets, alleys, and highways, and to contract with the purchaser to furnish water to the municipality through fire hydrants to be provided by the other contracting party, and of water to such of its citizens or residents as applied therefor through mains and pipes to be provided by such contractor at rates to be set out in the agreement to be entered into between such successful bidder and the municipality of Clifton. Bids were advertised for in pursuance to the ordinance. The city of Newport was the successful bidder. Its bid being accepted, it has entered into a contract with Clifton in pursuance to its bid.

The suit by appellant, a citizen and taxpayer of Newport, is to enjoin the execution of the contract on

the ground that it is ultra vires. The action is maintainable by an individual taxpayer. Mooney v. Clark, 69 Conn. 241, 37 Atl. 506, 1080; Smith's Modern Law of Municipal Corporations, §1647a. It is admitted that the waterworks plant owned by the city of Newport is adequate to supply all its citizens their present needs in respect to water, and in addition to comply with the contract with Clifton. The question is, nevertheless, whether it is permitted to enter into such an obligation as it has done in this instance. Cities and towns are chartered as corporations in aid of government. They have now in this State no other corporate charter. Many of their powers are delegated governmental functions which the State itself might have performed through other agencies or directly. Regarding such the municipal corporation is deemed an arm of the State government, and partakes of its qualities of sovereignty. For its acts or nonaction, it is not civilly or criminally responsible, on the same ground that the State is immune from prosecution or suit for the same act. See Twyman's Adm'r v. City of Frankfort, 117 Ky. 518, 25 Ky. L. R. 1620; 78 S. W. 446, 64 L. R. A. 572; City of Lexington v. Batson's Adm'r, 118 Ky., 489; 81 S. W. 264, 26 Ky Law Rep. 363; Georgetown v. Commonwealth of Ky., 24 Ky. L. R. 2285, 115 Ky. 382, 73 S. W. 1011. But such municipalities may own property in what is termed their private as distinguished from their public capacity. Concerning such and its contracts relating thereto, it may sue or be sued in the same way and for the same causes that a private corporation or an individual may be. Included in such property are waterworks, and electric and gas plants for furnishing light and water to its inhabitants. It is not possible for a city to acquire property for any other purpose, or to engage in any kind of business, not incidental to its municipal capacity as an agency of government. For

whether it is treated in its public or private capacity, it is always required to act alone with respect to matters legitimately pertaining to the government of its inhabitants. It is not within the power of the city of Newport to embark in even governmental enterprises beyond its territorial jurisdiction. It is not authorized to undertake by contract or otherwise to discharge a governmental duty to localities other than its own territory, for the reasons (1) that a municipality has only such power as is expressly delegated to it by the Legislature and such as is incidentally included therein; and (2) that to execute any power of government presupposes the power to levy and collect taxes from its inhabitants and property within its jurisdiction to defray the expenses incurred in its execution. There is no express and no implied grant of power to Newport to engage in such enterprise beyond its corporate limits; nor has it the right, therefore, to levy and collect taxes for such purpose. The contract in this suit if valid would impose the obligation on the city to put in all necessary water mains, and fire hydrants in Clifton at the expense of the city of Newport. To raise the money to do this, it would have to impose a tax on the people and property liable to city taxes, or appropriate money out of the city treasury put there by taxation. In either event, it is equivalent to the imposition of a tax on the people and property of Newport to install and maintain water facilities in the municipality of Clifton. And, if the contract with Clifton should prove unprofitable to Newport, and the latter should lose money in the enterprise, the loss would have to be made up by the latter by collecting funds to defray it by taxies levied on the property in Newport. Nor could Newport acquire a franchise by purchase, or otherwise, in the absence of express legislative authority, to operate a waterworks system in and for the benefit of another municipality. We conclude that the con·

tract in suit was void.   It was beyond the power of the city of Newport to enter into it.

In Henderson v. Young, 119 Ky., 224; 83 S. W. 583, 26 Ky. Law Rep. 1152, and Rogers v. City of Wickliffe (decided last week) 94 S. W. 24, 29 Ky. Law Rep. 587, we held that where a municipality owns and operates its own electric light plant, or its own waterworks, it may legally sell any excess of its product to outsiders. We adhere to that opinion. But in each of these cases the outside purchasers took the product from the plant as constructed and operated by the city, and the latter was not bound or permitted to extend its facilities beyond the corporate limits in order to accommodate such purchasers.   If Clifton had constructed, or a private concern had constructed a plant of mains, pipes, etc., in Clifton to supply its citizens with water, Newport might lawfully sell them any of its surplus water from its plant.

The judgment of the circuit court dismissing appellant's petition is reversed, and cause remanded for a judgment in conformity herewith.