### Rodgers v. Larrimore & Perkins, et al.

(Decided June 11, 1920.)

### Appeal from Trimble Circuit Court.

1. Contracts—Actions for Breach.—In a suit for damages growing out of the breach of a written contract for the sale of tobacco, after a demurrer had been sustained to the petition plaintiffs were authorized to amend and sue on a verbal contract, treating the contract originally sued on as a memorandum of the sale, where all the essentials of a binding contract are alleged in the amendment.

2. Contracts—Failure to Release Crop of Tobacco—Cancellation of Contract.—The failure of the purchaser of a crop of tobacco to release a lien of attachment or garnishment levied thereon did not operate as a cancellation of the contract nor justify the seller in disposing of the tobacco to others.

EUGENE MOSELY and CHARLES CARROLL for appellant.

EDWARDS, OGDEN & PEAK for appellees.

OPINION OF THE COURT BY JUDGE QUIN—Affirming.

This action was instituted in the lower court by appellees for alleged breach of the following contract:

"Milton, Ky., Nov. 26, 1916. We have this day sold to R. A. Perkinson & Smith my entire crop of tobacco grown in the year 1916, which tobacco, or any part thereof, I have not sold or contracted to sell to another consisting of about 18,000 pounds, at the following prices: About 18,000 pounds of bright leaf, red leaf, lugs, trashes, flying tips, green or worm eaten at nine cents per pound delivered at his factory in Hhds. Louisville, Wts. by April 1, 1917, in good handling order free of any material damage, also to be well classed when stripped, and neatly tied in hands free of stalks and suckers.

"J. L. RODGERS."

By successive assignments appellees became the beneficiaries of this contract. Having taken appellant's deposition and ascertained the exact weight of the tobacco and the price realized on the sale thereof to other persons, the petition was amended to conform to the proof. A demurrer was sustained to the petition as amended. In a further amendment the cause of action was based upon a verbal contract between the original parties, substantially the same as that set out in the writing sued on. It was alleged that the contract referred to in the petition was a memorandum of said sale delivered to the purchasers by appellant, a duplicate of which, signed by Perkinson & Smith, was delivered to appellant. A demurrer to the pleading as thus amended was overruled and this is one of the two errors urged for reversal. In one paragraph of the answer it was alleged that appellant was prevented from delivering the tobacco to the purchasers or their assignees because of a garnishment that had been served upon him, which created a lien upon Smith's interest in the tobacco, and that Perkinson & Smith having, upon request, failed to release said lien, they violated their contract, thus releasing appellant. The court sustained a demurrer to said paragraph and this is the other error complained of. Upon the remaining issues raised by the pleadings a trial was had resulting in a verdict in appellees' favor for $722.87.

It is contended the writing sued on was void because unilateral. One of the essential elements of an enforce-

able contract is mutuality of the obligation. Where it is left to one of the parties to an agreement to choose whether he will proceed or abandon it the contract is not binding upon either. Berry v. Frisbie, etc., 120 Ky. 337, 86 S. W. 558. Therefore the lower court properly sustained the demurrer to the petition, but as amended it was not demurrable. It is alleged in the last amendment that the parties entered into an agreement by the terms of which appellant agreed to sell and deliver his tobacco for the price stated, to be paid for according to Louisville weights, that Perkinson & Smith agreed and bound themselves to receive and pay for said tobacco and this contract was evidenced by the memorandum of sale; thus we have all the essentials of a binding contract. Appellees were privileged if they so desired to abandon the cause of action set up in the original pleading. The courts of this state have been liberal in permitting the filing of amendments in the furtherance of justice. Civil Code, section 134. It was no violation of the court's discretion to allow the amendment in question to be filed. It is permissible, for example, in a suit upon an express contract, where only an implied contract is proven, to amend the pleadings to conform to the proof. Smith v. Robinson, 185 Ky. 76, 214 S. W. 776.

In Georgetown Water Co., etc. v. Smith, etc., 30 Rep. 253, 97 S. W. 1119, we held that the lower court properly allowed an amended petition to be filed, setting out the real contract under which the defendant was operating, plaintiff in the original petition having relied upon a former contract no longer in force.

The second proposition raised by counsel for appellant is unique. No authority is cited in support of same; we doubt if any be found. The effect of their contention is that appellees' failure to release the attachment was an authorization to appellant to dispose of his tobacco to others. In other words the levy of the attachment or garnishment released him from the obligations of his contract. The general rule is that a person undertaking the performance of certain obligations must perform same, unless the performance thereof is rendered impossible by act of God, by the other party or by operation of law. An illustration of release under the third of the instances given is found in L. & N. R. R. Co. v. Crowe, 156 Ky. 27, 160 S. W. 759, 49 L. R. A. (N. S.) 848, holding that where an act contracted for is

rendered unlawful by the enactment of a statute before the expiration of the time for performance, the obligation is thereby discharged; but no court has held, so far as we have been able to find, that the mere levy of an attachment relieved a party from the obligations of his contract. While appellant is contending here that he was released from the contract with Perkinson & Smith, he did not hesitate to dispose of his tobacco to other persons. Nor do we have far to go to find the reason—the price of tobacco had advanced in the meantime. It appears further that the first consignment of the tobacco to the other parties was made February 12, 1917; on the evening of that same day appellant admits he received from the attorney for the attaching plaintiff a letter notifying him that a motion to discharge the attachment had been filed in the clerk's office, and that he was at liberty to deliver the tobacco to Perkinson & Smith or their assignees. Notwithstanding this notice he proceeded to dispose of his tobacco elsewhere. The motion to discharge the attachment was not acted upon until some time later, but this in nowise affected the parties. The institution and pendency of the attachment suit was no justification to appellant to sell the tobacco to other persons. He had bound himself by contract to deliver this tobacco to appellees, this was admitted on the trial, and having violated this contract appellees were entitled to recover for the breach thereof. The lower court did not err in sustaining the demurrer to the paragraph of the answer referred to.

The judgment appealed from must be and is affirmed.