## Combs v. Hazard Ice & Storage Company.

(Decided February 1, 1927.)

### Appeal from Perry Circuit Court.

1.  Contracts—Contract to Haul Ice for Definite Period Held Insufficiently Established, where One Party Never Assented to Time Provision.—In action for breach of contract to pay plaintiff for hauling ice for 4½ months period, at agreed rate per ton, contract for definite period held insufficiently established, where plaintiff never agreed to defendant's proposition to haul ice for such period, but merely promised to try it a while.
2.  Contracts—Validity of Executory Contract Depends on Mutuality.—Mutuality of obligation is essential to validity of "executory contract."
3.  Contracts—No Binding Contract Exists Where One Party May Abandon Contract at Any Time Without Liability.—Where one of contracting parties can at any time proceed or abandon contract without incurring liability, contract is not binding on either party.

WOOTTON & WOOTON and W. C. EVERSOLE for appellant.

MORGAN, EVERSOLE & BOWLING for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE CLAY— Affirming.

This is an appeal from a judgment based on a directed verdict in favor of appellee.

The suit is for damages for breach of an alleged contract by which appellee agreed to pay appellant $1.35 a ton for hauling ice for a period of four and one-half months during the summer of 1922.

Appellant's evidence as to the terms of the contract is as follows:

"Q.  Now go ahead and state what that contract was?

"A.  Well, he kept coming up there, wanting us to haul, and John there he was hauling with my team. Every time he would see John around he would want him to haul some.

"Q.  John, who is that?

"A.  John Williams.  He offered him $1.25 a hundred to haul for him.  I told John we could not haul for that.

(Defendant objects; court overruled the objection; to which ruling the defendant excepts.)

"A.  Well, so we didn't haul none at that, and he kept coming on, he made some three or four trips up there, and I told John if he would give us $1.35 we would try to haul it.

(Defendant objects; court overruled the objection; to which ruling the defendant excepts.)

"A.  So I told him myself, I said if you will give us $1.35.

"Court:  You told who?

"A.  I told John, and I told Dick so too.  I said 'I will try it awhile at that, and if I can make good at it I will haul it.'  He says 'we want as much as ten tons a day;' he says, 'can you haul that much.' I said, 'Yes, sir, I can haul all you want hauled; I have got teams enough to haul,' and so he said it would take that much to run them, a day, and so I agreed to haul it for $1.35, and we were to put it off on this platform up here at the upper end of town."

Appellant then testified as to what he did under the contract and to the profits he would have made had he not been laid off.  On cross-examination appellant testified as follows:

"Q.  Didn't you state, though, when you started on your contract, to the jury, on direct examination, you told Mr. Ficklin you would try it awhile for $1.35?

"A.  I did tell him I would try it at $1.35.

"Q.  And that was all there was said, wasn't it?

"A.  No.

"Q. And he said he would give you $1.35?

"A. He said he would give me $1.35, and give me four and a half months' hauling; if I could not make good he would give me until I could make good, and he told me I could haul the ice.

(Defendant objects to that statement. Court sustained the objection, to which plaintiff excepts.)

'Q. I am asking you if you didn't tell the jury here that when Mr. Ficklin said he would give you $1.35, if you didn't tell him you would try it awhile at that price?

"A. Yes, sir."

Appellant's evidence was corroborated by that of John Williams.

No rule is more firmly settled than that mutuality of obligation is essential to the validity of an executory contract. Hence, where it is left to one of the parties to choose whether he will proceed or abandon the contract, and he may do this at any time without incurring any liability thereunder, the contract is not binding upon either. Rodgers v. Larrimore & Perkins, 188 Ky. 468, 222 S. W. 512; Springfield Fire & Marine Ins. Co. v. Snowden, 173 Ky. 664, 191 S. W. 439; Ross-Vaughan Tobacco Co. v. Johnson, 182 Ky. 325, 206 S. W. 487; Rehm-Zeiher Co. v. F. G. Walker Co., 156 Ky. 6, 160 S. W. 777, 49 L. R. A. (N. S.) 694. This case turns on whether there was a contract for a stated period. Conceding as we must that the evidence was sufficient to show that appellee agreed to pay appellant $1.35 a ton for hauling the ice for a period of four and one-half months, there is the further question, whether appellant assented to this proposition. Nowhere does he say that he positively agreed to do the hauling at that price for the period stated. On the contrary, he testified as follows: "I said I will try it awhile at that, and if I can make good at it I will haul it." His evidence on cross-examination is to the same effect. From this evidence of the terms of the contract it is clear that appellant was under no obligation to continue the hauling for any particular time, but could retire at any time without incurring any liability under the contract. For this reason we conclude that the trial court did not err in sustaining appellee's motion for a peremptory instruction.

Judgment affirmed.