## Jefferson County Fiscal Court et al. v. Jefferson County, ex rel. Grauman, Co. Atty., et al.

June 2, 1939.

Millard Cox and Hal O. Williams for appellants.

Lawrence S. Grauman, County Attorney, and Robert L. Sloss, Assistant County Attorney, for appellees.

OPINION OF THE COURT BY CHIEF JUSTICE RATLIFF—Affirming.

On December 8, 1938, the fiscal court of Jefferson County adopted the following resolution:

"That whereas Jefferson County is the owner of various parcels of Real Estate together with improvements thereon, same being located in Jefferson County, Kentucky, beyond the corporate limits of the City of Louisville, and,

"Whereas there is also located in the County of Jefferson beyond the corporate limits of the City of Louisville, various public buildings such as schools, hospitals, home for the Aged and Infirm, Asylum for the Insane, Louisville & Jefferson County Children's Home at Ormsby Station, Kentucky Children's Home at Lyndon, Kentucky, property of the Louisville & Jefferson County Air Board at Bowman Field, and

"Whereas the improvements located on all of said properties aggregate many thousands of dollars, many of said buildings housing school children and inmates who are wards of said institution, and

"Whereas Jefferson County neither owns fire

fighting equipment nor operates a fire department and the above mentioned persons and property are now without adequate protection from the ravages of fire and it appearing to the Court that it would be more economical to contract with the City of Louisville for the services of its Fire Department than for the County to provide and operate a Fire Department and the equipment necessary thereto for the purpose of protecting the persons or property above described,

"Now therefore, it is ordered that Jefferson County enter into a contract, with the City of Louisville by the terms of which the City of Louisville will, for a period from December 1, 1938, through June 30, 1939, both dates inclusive, furnish its Fire Department for the protection of the persons and property aforesaid,

"And it is further ordered that the sum of $7,500.00 be and the same is hereby appropriated, to be used for payment to the City of Louisville as consideration for said contract and that Mark Beauchamp, County Judge, as Chairman of the Fiscal Court be and he is hereby authorized and directed to sign, execute and deliver for and on behalf of Jefferson County, the contract to be entered into with the City of Louisville as is set out above."

It is stated in the petition that, after the adoption of the above resolution by the county, the Board of Aldermen of the City of Louisville in January, 1939, "adopted the following resolution;" then follows the resolution adopted by the fiscal court of the county quoted above. We assume that this was an error in copying the record or other inadvertence. We assume, however, for the purpose of the case, that the Board of Aldermen of the City of Louisville passed a resolution accepting the terms of the resolution of the fiscal court.

On December 9, 1938, the fiscal court of Jefferson County and the City of Louisville entered into a contract, in which the above resolution is copied and made a part, designating Jefferson County as the party of the first part and the City of Louisville party of the second part, wherein it was agreed as follows:

"The party of the second part hereby and in accordance with the above motion duly made, seconded and unanimously adopted by the Fiscal Court

of Jefferson County, Kentucky, does hereby agree and promise that it will for the period from December 1, 1938, until June 30, 1939, both dates inclusive, furnish its Fire Department for the protection of the persons and property set out in the above motion of the Fiscal Court of Jefferson County, Kentucky. It is agreed by both parties hereto that from the period from December 1, 1938, to the date of the signing of this contract the party of the second part has furnished its Fire Department for the protection of the persons and property as set out in the above motion of the Fiscal Court of Jefferson County, Kentucky.

"This contract shall in no wise be deemed to be a recognition of the county's right at any time to require a contribution from the City of Louisville for purely county purposes, it being recognized by all parties that this is an emergency measure.

"The party of the first part for and in consideration of the furnishing to the party of the first part of the Fire Department of the party of the second part for the protection of the persons and property as above set out hereby agrees and promises to pay to the party of the second part the sum of $7,500.00.''

Lawrence S. Grauman, county attorney of Jefferson County, appealed to the Jefferson circuit court from the order of the fiscal court appropriating the sum of $7,500 to be expended for the purposes set out in the contract. The petition on the appeal was also in the nature of a petition in equity for a declaration of rights of the parties, as provided in the Declaratory Judgment Act, Section 639a—1 et seq., Civil Code of Practice. The petition alleges that the appropriation of $7,500 for the purposes set out in the contract between the parties is illegal and in excess of the power of the fiscal court and not authorized by law, and that the fiscal court has no authority under the law to enter into such contract, that the fiscal court has no authority to perform acts to preserve or benefit any property unless the same is owned by the county. It is further alleged that the City of Louisville is not authorized to furnish fire protection beyond the corporate limits of the city, and that the contract attempted to be entered into between the parties is *ultra vires* as to the city, and prayed

that judgment be entered sustaining the appeal and adjudging void in all respects the order of the fiscal court of December 8, 1938, the contract entered into between the fiscal court of Jefferson County and the City of Louisville, and for a binding declaration of the rights of the parties.

By subsequent pleadings issue joined upon the powers and authority of the fiscal court to appropriate the county funds for the purposes set out in the contract, and the right or powers of the city to enter into a contract to furnish fire protection to buildings in Jefferson County beyond the corporate limits of the City of Louisville.

Upon the issues thus joined, the cause was submitted to the Hon. Norton L. Goldsmith, Jr., special judge, and judgment was entered adjudging void the order of the Jefferson County fiscal court entered December 8, 1938, and also adjudging void the contract entered into between the fiscal court and the City of Louisville, and sustaining the plaintiff's appeal from the fiscal court and reversing the order of the fiscal court. The court declined to pass upon the question whether the contract was void as being *ultra vires* as to the city.

The Jefferson County fiscal court has appealed, and Jefferson County, on relation of its County Attorney, Lawrence S. Grauman, has prayed and been granted a cross-appeal asking a declaration of rights upon the issue as to whether the contract was *ultra vires* on the part of the City of Louisville.

Appellees make no contention that Jefferson County is not empowered to provide fire protection for its own property. The questions presented on this appeal are whether or not the fiscal court of the county has power to appropriate the public funds of the county to provide fire protection for publicly owned property but not owned by the county, and whether the contract was *ultra vires* at to the city. The contract and the appropriation made pursuant thereto applies to certain publicly owned property not owned by the county. The trial court rendered a memorandum opinion which is filed with the record, from which we here quote:

> "The contract is indivisible. It is impossible to allocate a portion, or percentage, of the gross fee of $7,500.00 to protection of County-owned

buildings, and the balance to protection of buildings owned by the separate instrumentalities. If from the standpoints of both city and county the $7,500.00 fee is a fair and reasonable one for the protection of both classes of properties, as it is assumed and conceded to be, then the fee is excessive in amount for the protection of the County-owned properties alone. If the County and the Fiscal Court are without power and authority to furnish such protection for the properties owned by the independent instrumentalities the Fiscal Court's order and the contract appropriate the major portion of the $7,500.00 fee to an unauthorized purpose.

"Examining the question whether the County possesses power to provide such protection for the properties of the independent instrumentalities, it is to be observed that the Legislature has conferred power, express and implied, upon those separate corporate entities to acquire, hold, maintain and repair the properties owned by them. The independent corporate instrumentalities possess the power, and are obligated, to employ reasonable measures to safeguard their properties against fire hazards. The existence of this power in them would seem to militate against finding that the delegation of power has been duplicated by a like grant—by implication —to the County.

"It is my opinion that neither by expression nor necessary implication has the Legislature delegated power to the County to contract for fire protection services to be rendered with respect to the buildings owned and maintained by the independent governmental agencies as distinguished from those owned by the County itself."

Appellants rely upon the case of Commonwealth v. Fayette County, 239 Ky. 485, 39 S. W. (2d) 962. The fiscal court of Fayette County appropriated $10,000 of the general fund for the purpose of purchasing and operating a fire truck, the amount to be paid out of a subdivision of the general fund known as "miscellaneous" budget. The county attorney of Fayette County appealed from the order of the fiscal court to the circuit court of Fayette County and the court held that the county had authority to make the appropriation and enter into the contract with the city for the purposes

indicated and dismissed the appeal, and the county attorney appealed from the judgment of the circuit court to this court and the judgment was affirmed. However, we do not think that the facts of the Fayette County case and the present case are analogous. In the Fayette County case the county did not undertake to provide fire protection for property other than that owned by the county. In the present case the contract undertakes to furnish fire protection to various public buildings not owned by Jefferson County. It is stipulated in the record that Jefferson County owns property and improvements situated outside the corporate limits of the city, namely, the Jefferson County Children's Home, the Tuberculosis Hospital, Bowman Field (airport), various schools, and perhaps other property which is not owned or controlled by the county.

In distinguishing the Fayette County case from the present case we adopt that portion of the trial court's opinion which reads as follows:

"I believe the case of Commonwealth v. Fayette County, 239 Ky. 485, 39 S. W. (2d) 962,—in which the action of the Fiscal Court of Fayette County in appropriating $10,000.00 for the purpose of purchasing and operating a fire truck for the protection of public buildings in the County was sustained—is distinguishable. Fayette County determined to protect its public buildings by acquiring fire-fighting apparatus of its own, rather than by hiring services. Although the opinion is not explicit with respect to the fact, it seems that the buildings, or some of them, were owned by the County. In the nature of things, the county could not have acquired less than one fire truck, and could not have accomplished its purpose of protecting the buildings which it owned by acquisition of less than one entire and complete unit of fire-fighting equipment. Consequently, it was not a matter of moment that the fire-truck would prove available for use in protecting the properties of separate governmental agencies, if any such there were, if occasion arose therefor. In the case at bar, however, the county has determined to afford protection not by purchasing a unit of apparatus but by hiring services. The fiscal court, in undertaking to hire the rendition of services readily could have confined and limited itself to engaging such services only with respect to

protection of the county-owned properties and could have refrained from purchasing—at added cost—protection for the properties of the separate governmental agencies. The major portion of the $7,500.00 gross fee must be attributed to the purchase of the promise of protection of the properties owned by the separate governmental agencies. It not being competent for the fiscal court to appropriate public monies for that purpose and the contract being indivisible, the order appealed from and the contract executed pursuant thereto are void.''

Counsel for each side of the controversy rely upon the interpretation that they respectively put upon Section 1840 of our present Statutes. It is conceded that the statute does not expressly authorize the county to provide fire protection for any property—even that owned solely by the county. Appellants insist, however, that the fiscal court is authorized to enter into the contract in question under the implied authority that may be drawn from express authority granted by the statute, supra. In the Fayette County case, supra, will be found an elaborate discussion of both express and implied authorities granted by the statute. It is pointed out in that opinion that, by express authority under the statute, the fiscal court has the right to repair and keep in repair public buildings of the county and therefore it necessarily follows that the fiscal court has implied power to insure public buildings owned by the county against damage by fire, since insurance necessarily reduces the cost of repairs resulting from fire. It must not be overlooked, however, that both the express and implied powers of the county to insure property are confined and directed to property owned by the county, but does not include other publicly owned property such as is involved in the present case. We do not think that the power should be extended by mere implication so as to authorize the county to provide fire protection for property not owned solely by it. We conclude therefore that the chancellor properly held that the fiscal court of Jefferson County is without authority to enter into the contract in question.

With respect to the cross-appeal involving the question of the contract being ultra vires on the part of the city, we are without authority to pass upon this question on the basis of a cross-appeal, since the chancellor did not pass upon it or attempt to adjudicate that ques-

tion. Therefore, the order granting the cross-appeal is set aside, and the motion for a cross-appeal overruled.

However, under the general allegation of the petition that the contract was void and the appropriation made by the fiscal court unauthorized, we think it appropriate to consider and determine the issue as to whether or not the contract was ultra vires on the part of the city as an additional reason why the contract is void.

It is a well-settled rule in this jurisdiction, and all others so far as we know, that a municipality is without authority to extend city-owned utility service beyond the corporate limits of the city. In the cases of Smith v. City of Raceland, 258 Ky. 671, 80 S. W. (2d) 827, and Dyer v. City of Newport, 123 Ky. 203, 94 S. W. 25, 29 Ky. Law Rep. 656, it was held that the respective cities involved in those cases could not extend water lines or other waterwork facilities beyond the corporate limits of the cities. It was further held, however, that if the cities had a surplus of water not needed for the cities and their inhabitants, the cities might sell such surplus to towns or residents outside the corporate limits of the cities by delivering the water to the corporate limits, the purchasers of such water to construct their own water lines and other facilities for conveying the water to the points desired beyond the corporate limits. Were fire protection such services as could be conveyed by the city to its corporate limits and there received, transmitted, and utilized by the party purchasing it, for the purpose of fire protection to property outside the corporate limits, provided the sale or division of such services did not impair the services needed by the city and its inhabitants, a different question might be presented. The contract in question purports to authorize the city fire department to transmit and extend its fire fighting facilities beyond the corporate limits to any point in Jefferson County where any publicly owned property, included in the contract, may be located. We think this squarely contravenes the principles enunciated in Smith v. City of Raceland and Dyer v. City of Newport, supra, and hence, the contract is unauthorized on the part of the city and therefore void.

In Louisville Tobacco Warehouse Company v. Zeigler, 196 Ky. 414, 244 S. W. 899, it was held that the terms of a contract, to be enforceable, must be mutually

794

binding upon all parties thereto, and when the contract is unilateral, rather than bilateral, neither it nor any of its unexecuted provisions may be enforced by either party, and the contract is void for want of mutuality. And in Brown v. Allen, 204 Ky. 76, 263 S. W. 717, and Combs v. Hazard Ice & Storage Company, 218 Ky. 29, 290 S. W. 1035, it is pointed out that mutuality is an essential element of an executory contract, and if one party is not bound neither is bound. However, this rule is not applicable to executed contracts or where the party not bound has performed its conditions. Pennagrade Oil & Gas Company v. Martin, 211 Ky. 137, 277 S. W. 302. See, also, Citizens' National Life Insurance Company v. Murphy, 154 Ky. 88, 156 S. W. 1069, wherein it was held that, where the promise of one is the consideration of the other, neither party can be bound unless the other is bound.

Since the contract is ultra vires on the part of the city and not binding on it, it follows likewise that Jefferson County is not bound. Even if the fiscal court of Jefferson County had the right to appropriate the county funds to pay for fire protection for property not owned by the county, still the particular contract here in question is void as being ultra vires on the part of the city.

Judgment affirmed.