## BOARD OF COM'RS OF LOUISVILLE EXTENSION WATER DIST. v. YUNKER et al.

Court of Appeals of Kentucky.
May 22, 1951.

Lawrence G. Duncan, Blakey Helm, Louisville, for appellant.

Lawrence S. Grauman and Morris & Garlove, all of Louisville, for appellees.

COMBS, Justice.

Appellees, Milton S. Yunker and Leona S. Yunker, filed this declaratory judgment action against Louisville Water Company and Louisville Extension Water District. From a judgment adjudicating the rights of the parties, the Water District has appealed.

For identification purposes the Yunkers will be referred to as plaintiffs; Louisville Extension Water District will be referred to as the District; and Louisville Water Company as the Company.

The District was organized in 1941 under provisions of KRS, Chapter 74. The territory embraced in the District lies outside the City of Louisville in Jefferson County, and, as stated by counsel, is located on both sides of the Dixie Highway, south of the town of Shively. Plaintiffs' residence is located within the boundaries of the District.

KRS 74.010(1) provides: "Any county court, upon petition of seventy-five resident freeholders of the proposed district, may establish a water district and appoint water commissioners for the purpose of furnishing a water supply to the citizens of the county. The petition shall describe the territory intended to be included in the district, and shall set out the reasons a water district is needed." Other provisions of the same chapter provide, generally, for the organization and operation of the water district.

The Company is a corporation chartered by the Legislature in 1854. All of its capital stock is owned by the Sinking Fund

of the City of Louisville. It is directed by a Board of Water Works composed of the Mayor of Louisville, and four other members appointed by him with the approval of the Board of Aldermen under provisions of KRS 96.230–96.310.

Prior to organization of the District the Company had installed or permitted to be installed, at the expense of the consumers, water facilities in territory now comprising part of the District. The controversy in this case is actually between the District and the Company as to the manner in which plaintiffs will be furnished with water. It is the contention of the District that it has the exclusive right to furnish water to residents within its territory. It contends the Water Company has no authority by franchise or otherwise to furnish water within the territory of the District. It admits it is not in position at this time to furnish plaintiffs with water, but says the Company should be required to bill the District at wholesale prices for water furnished by the Company to plaintiffs, and it in turn will collect from plaintiffs.

The Company contends it has no duty to furnish water to consumers within the District, but that it has the right to do so because its facilities were installed prior to organization of the District. It is willing to furnish plaintiffs with water if it may legally do so.

It is shown by the pleadings that the Company has a water main located within 200 feet of plaintiffs' property, and it is stated in brief that the main of the District nearest plaintiffs' property is approximately 2000 feet away. Plaintiffs are willing to bear the expense of making such connections as are necessary in order for them to obtain water from the Company's nearest main.

The pertinent part of the Chancellor's judgment is as follows:

"1. Defendant, Louisville Water Company, is hereby enjoined from refusing to allow plaintiffs to make a connection, at plaintiffs' expense from the main of the Louisville Water Company located in Fielding Way to the plaintiffs' property;

"2. Defendant, Louisville Water Company, may lawfully continue to furnish water directly to a resident of Jefferson County, residing in an established water district where said defendant's water mains are located in the right of way on a county road, state highway or public road in Jefferson County, Kentucky, located outside of the corporate limits of the City of Louisville, by means of water connections from its main pipes into the residence and buildings located adjacent to such thoroughfare where such connections have already been made, under a contract entered into between said defendant and said consumer, prior to the establishment of said water district;

"3. Defendant, Louisville Water Company, may lawfully make connections from its mains, as hereinbefore set out in Paragraph 2, to persons living outside of the corporate limits of the City of Louisville and in an established water district, where said water district is unable or unwilling to make such connections;

"4. Defendant, Louisville Water Company, in furnishing water to such consumers, is not obliged to bill any water district therefor at wholesale or commercial rates, but may lawfully make a direct charge to collect directly from the consumer the same fees prevailing with respect to other residents of Jefferson County, outside the City of Louisville, not residing in an established water district;

"5. Defendant, Louisville Extension Water District, has no legal right to compel defendant, Louisville Water Company, to disconnect persons who have been connected by it for water service within said district prior to the installation by said district of facilities available to such consumers;

"6. Defendant, Louisville Water Company, is not obliged to repay to the Louisville Extension Water District any fees or charges heretofore received or collected by said Louisville Water Company to residents of said district;

"7. It is further adjudged that where the Louisville Extension Water District

has installed its facilities and is furnishing water to any consumer in said district, the Louisville Water Company may not thereafter lawfully install mains and furnish water competitively to such consumer or to others similarly situated as long as said District continues to furnish water."

Much of the argument of counsel is directed to the question whether the Company has a franchise authorizing it to sell water outside the city limits of Louisville, and it is pointed out by the District that the Company's answer contains no allegation that it has a franchise, or that it is municipally owned.

As we view the matter, it is immaterial in this case whether the Company has a franchise to sell water outside the city limits. It is well settled that a municipally owned water company may sell surplus water to residents outside the city limits, providing the facilities for conveying the water beyond the corporate limits are constructed by the consumers without expense to the company. Jefferson County Fiscal Court v. Jefferson County, 278 Ky. 785, 129 S.W.2d 554, 122 A.L.R. 1151; Dyer v. City of Newport, 123 Ky. 203, 94 S.W. 25; Rogers v. City of Wickliffe, 94 S.W. 24, 29 K.L.R. 587; and Davisworth v. City of Lexington, 311 Ky. 606, 224 S.W.2d 649.

On the question of ownership of the Company it was said by this Court in the case of Rash v. Louisville & Jefferson County Metropolitan Sewer District, 309 Ky. 442, 217 S.W.2d 232, 238: " * * * it is common knowledge that the Louisville Water Company is the only system which supplies the city and environs with water. This court has held that the corporation, though a separate entity, is as a practical matter not only a public service company but an operating facility of the city. Ryan v. City of Louisville, 133 Ky. 714, 118 S.W. 992; Louisville Tobacco Warehouse Co. v. Louisville Water Co.,

162 Ky. 478, 172 S.W. 928; Dolan v. Louisville Water Co., 295 Ky. 291, 174 S.W.2d 425. There is no doubt that it is a public service or system referred to in the statutes. * * *"

Furthermore, we, of course, take judicial notice of KRS 96.230, which reads in part: "Whenever any city of the first class owns, through its commissioners of the sinking fund, all the shares of capital stock in any corporation engaged in supplying water to the city and its inhabitants, the city shall control, manage and operate the plant of the corporation, its franchise, and all its other property, in the manner provided in KRS 96.240 to 96.310. * *"

It is true that in the Dolan case, cited in the Rash case, it was held that the Company was a distinct corporate entity. But we are of the opinion the Company is municipally owned within the meaning of the rule which permits a municipally owned water company to sell water outside the city limits at no expense to the Company.

Having reached the conclusion that the Company has the right to furnish water outside the corporate limits of the city, under the conditions here shown, we are of the opinion that incorporation of the District did not deprive it of that right with respect to those consumers being served at that time, and those consumers which it is in position to serve and which the District cannot serve within the immediate future. KRS 74.100 authorizes the purchase by a water district of existing water facilities within its territory but we find nothing in Chapter 74 which would give the District authority to prevent sale of water to plaintiffs by the Company under the circumstances existing in this case. It is our opinion the Chancellor correctly adjudicated the rights of the parties.

The judgment, therefore, is affirmed.