## White v. Southern Blau-Gas Company.

(Decided May 8, 1923.)

### Appeal from Ohio Circuit Court.

Contracts—Contract Held Not to Require Sale at Specified Price.—A contract for the installation of a gas lighting and heating system, which required for its operation the purchase of a substance which could be bought on the market from others than the company installing the system, and which provided that the company would at no time charge more than a fixed price for that product, but did not require the purchaser of the system to buy his product from the company, nor obligate the company to sell any specified quantity, did not require the company to sell the product at the price stated so as to entitle the purchaser to damages for its refusal to do so.

A. D. KIRK, CLARENCE BARTLETT and ERNEST WOODWARD for appellant.

R. E. L. SIMMERMAN for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE SAMPSON—
Affirming.

Appellee, Southern Blau-Gas Company, incorporated, sold appellant White, in 1919, a gas outfit consisting of fixtures for lighting and cooking purposes in his residence, he paying therefor $403.30. With the outfit was a tank and other appurtenances for generating and distributing gas made from what is known in this record as "Blau gas." Of what this consists is not made plain. By the agreement, which was in writing, it is provided:

"The purchaser agrees that the bottles as soon as empty shall be returned to the company, according to their wishes, and the company agrees that no charge shall be made for the average and ordinary use of Blau gas bottles, all of which shall always remain the property of the company.

"The company agrees that at no time will they charge more than 15c per pound for Blau gas f. o. b., Louisville, purchaser to pay freight charges on the empties returned.

"The company guarantees the Blau gas plant to give perfect satisfaction for all purposes of illuminating and cooking, when installed and operated according to instructions, and if any repairs are needed for the low pressure valve, within a period of ten years, the company will furnish them free of charge."

The appellee company having failed to provide appellant White with Blau gas to be used in his gas plant at a price not exceeding 15 cents, as provided by the contract quoted above, he brought this action to recover $750.00 damages, which he says was occasioned by appellee company's failure to sell him Blau gas at a price not exceeding 15 cents per pound, which failure forced him to install a different plant as well as compelled him to the use of the Blau gas system for several months. A demurrer was filed to his petition as amended and sustained, to which ruling of the court White excepted and declined to further plead. Thereupon his petition was dismissed and he appeals.

As the contract was made a part of the petition it is only necessary to examine the contract to determine whether the trial court properly sustained the demurrer. Appellant White insists that the company specifically undertook and agreed with him to supply him with Blau gas at a price not exceeding 15 cents per pound f. o. b.,

Louisville, and to return all empty bottles, charges prepaid, and that pursuant to this agreement he bought Blau gas from appellant company for some time and until appellee raised the price to 30 cents per pound, which, he says, was prohibitive and that thereafter he could not afford to buy the substance at that price, and he ceased to use his outfit for that reason. The company denies that it undertook or agreed to sell appellant White Blau gas at 15 cents per pound, or at any price, but only agreed to sell him Blau gas at a price not exceeding 15 cents, if it sold it to him at all—that it did not agree to sell him Blau gas but only agreed that in case it did sell him Blau gas it would not charge him in excess of 15 cents per pound. From the contract copied above, it is plain that appellant White did not agree to purchase any quantity or amount of Blau gas from appellant company nor to pay any specified price. The company did not in terms agree to sell Blau gas at 15 cents per pound but it did agree "that at no time will they charge more than 15 cents per pound for Blau gas f. o. b., Louisville, purchaser to pay freight charges on the empties returned." The agreement is not to sell him Blau gas in any quantity, but in case it should sell him Blau gas to charge him not exceeding 15 cents per pound.

Reading the contract as a whole it impresses one with the idea that the draftsman was intending to make it read as though the company was undertaking to sell appellant White Blau gas at not exceeding 15 cents per pound without so specifying, and indeed without entering into such obligation. The company did not agree to sell appellant Blau gas at a price not exceeding 15 cents per pound. It appears, however, that Blau gas can be purchased from other sources at the price of 30 cents per pound, and that appellant company is offering to sell appellant Blau gas at that price. Inasmuch as appellant did not specifically agree to furnish Blau gas at a price not exceeding 15 cents per pound, and that the substance may be bought in the open market, it must be held that the parties intended to make the kind of agreement which their words import and nothing more. It may be and probably is true that the salesman represented to appellant White that Blau gas could be purchased for 15 cents per pound and that his company was preparing to put in a manufacturing plant at Louisville at which it could be produced at a much less price, and that appellant would be able to buy Blau gas from the new company

when its plant was installed for less than 15 cents. However this may be, the contract as written and on which appellant White relies did not provide for appellant White buying his exclusive supply from the appellee company at a given price, or that the company would sell him any number of pounds of Blau gas upon named terms. Neither party was bound, Steinwender-Stoffreben Coffee Co. v. F. T. Guenther Grocery Company, 26 R. 270. It only provided that in case the company should sell appellant Blau gas, if he should decide to buy from the company, the price should not exceed 15 cents per pound. The company declined after a few months to sell him the substance at 15 cents per pound. According to the terms of his contract he is not in position to coerce it to do so. The lower court so held and the judgment is affirmed.

Judgment affirmed.