## Fowler's Bootery v. Selby Shoe Co.

(Decided May 24, 1938.)

WILLIAM ALPHA HUBBARD for appellant.
STEINFIELD & STEINFIELD for appellee.

OPINION OF THE COURT BY JUDGE REES—Affirming.

The Selby Shoe Company, an Ohio corporation engaged in the business of manufacturing shoes, sued Fowler's Bootery, a corporation engaged in the retail shoe business in Louisville, Kentucky, to recover $579.84, the balance due on an account. By way of counterclaim, the defendant sought to recover damages in the sum of $3,000.00, from the plaintiff for breach of an alleged verbal contract which it claimed it had with plaintiff to sell it shoes for the fall trade of 1936. A demurrer to the answer and counterclaim, as amended, was sustained, the counterclaim dismissed, and judgment entered in favor of the plaintiff for the amount claimed in its petition. The propriety of the court's ruling on the demurrer to the answer and counterclaim is the sole question presented.

The defendant alleged, in substance, that in Febru-

ary, 1933, it entered into a contract with the plaintiff to act as its exclusive agent for the sale within the city of Louisville of two lines of shoes manufactured by plaintiff, and that it continued to purchase from plaintiff and sell its shoes until the summer of 1936, when plaintiff wrongfully breached its contract by refusing to sell to the defendant its fall line of shoes. It was provided that either party might terminate the contract upon reasonable notice to the other. In an amended answer and counterclaim it was alleged that:

> "After the said contract was made, which was in the early part of the year, 1933, the defendant began selling the plaintiff's line of shoes exclusively; spent large sums of money in advertising same and built up a profitable trade for the plaintiff's line of shoes, as above set forth, in the city of Louisville, Kentucky; that the plaintiff did sell the two lines of shoes to the defendant exclusively until the 10th day of July, 1936; that the plaintiff during the Spring and early Summer of 1936 falsely and fraudulently, and for the purpose of defrauding and deceiving this defendant, stated to it that it would continue to sell its shoes as it had done in the past, during the year, 1936, and then, after it was too late for it to buy other shoes for its trade for the fall of 1936, on or about the 10th day of June, 1936, wrongfully broke its contract and agreement with the defendant, and refused to sell its shoes to the defendant."

In a later amendment it was stated that the alleged breach occurred July 10, 1936.

Appellant cites and relies upon a number of cases of which Monarch Coal & Coke Company v. Gunn & Co., 226 Ky. 306, 10 S. W. (2d) 1109, is an illustration in support of its claim that it is entitled to recover damages by reason of appellee's alleged breach of contract to sell to it such shoes as it might order. In these cases, however, the contract was for the delivery of a specified amount of goods or for the delivery of certain goods over a specified period of time. The appellee was not obligated to buy a specific amount, or any shoes, and the contract was nothing more than a standing offer of appellant to sell. An unexecuted unilateral contract is unenforceable. Mutuality of obligation is essential to the validity of an executory contract, and if

either party is not bound because of lack of mutuality neither is bound. In Springton Coal Company v. Bowling, 228 Ky. 317, 14 S. W. (2d) 1082, it was said (page 1083):

> "As averred in the petition, the contract was only one by which defendant agreed to pay plaintiffs the agreed price per ton for all the coal they mined from the two entries designated in the petition; but they could cease mining at any time they saw proper, and, if done, defendant would not be obligated to them, except for coal mined by them before they quit work. Under such a contract, either party may abandon it at any time without incurring liability to the other. The contract is what is known in law as a unilateral one, and, if one of the parties may abandon it at any time without incurring liability except for what had been done under it, the other may likewise do so. The precise question was before this court in the case of Daniel Boone Coal Company v. Miller, 186 Ky. 561, 217 S. W. 666, and we held that:

> "'It is a well recognized rule of law that where a party reserves the absolute right to cancel or terminate the contract at any time, mutuality is absent, and the contract, if executory cannot be enforced.'

> "The cases of Killebrew v. Murray, 151 Ky. 345, 151 S. W. 662, and Ellis v. Dodge Bros. (D. C.) 237 F. 860, are cited in support of that statement. An increased list of cases and authorities could have been cited to the same effect, since the principle stated is a fundamental one in the law. An analysis of the inserted language of the petition in this case reveals no obligation on the part of plaintiffs to mine any specified quantity of coal under their alleged contract, nor to take all the coal from any designated space or spaces in defendant's mine. They therefore, we repeat, could abandon or terminate their contract at any time and under the principle of law referred to defendant could do likewise."

So in the instant case, the appellant did not bind itself to take any shoes. It could abandon or terminate the contract at any time. A promise is a good consid-

eration for a promise, provided it imposes some legal liability on the party making it, but here no liability was imposed on the appellant. While the appellant alleged that it sold appellee's shoes exclusively, it did not allege that it agreed to purchase all of its requirements from the appellant and to sell only its brands of shoes. It was not a contract by the buyer to purchase his requirements of a commodity for a term. The offer was an open one to be accepted from time to time by submitting orders for specific quantities, and only when and to the extent that an order was submitted before the offer was withdrawn did the unilateral contract become a binding and enforceable obligation. Talamini v. Rosa, 257 Ky. 228, 77 S. W. (2d) 627; Ham v. Miss C. E. Mason's School, 249 Ky. 478, 61 S. W. (2d) 7; Pennagrade Oil & Gas Co. v. Martin, 211 Ky. 137, 277 S. W. 302; Peters Branch of International Shoe Company v. Jones, 247 Ky. 193, 56 S. W. (2d) 994; Johnson v. International Shoe Company, 228 Ky. 450, 15 S. W. (2d) 270; White v. Southern Blau-Gas Company, 199 Ky. 118, 250 S. W. 806; Rehm-Zeiher Company v. F. G. Walker Company, 156 Ky. 6, 160 S. W. 777, 49 L. R. A., N. S., 694; Steinwender-Stoffregen Coffee Company v. F. T. Guenther Grocery Company, 80 S. W. 1170, 26 Ky. Law Rep. 270. It is a general rule that contracts to furnish such goods as one may need in a business for a specified time are mutual and binding upon the parties when the nature of the purchaser's business is such as to make the quantity of the article he will need subject to a reasonably accurate estimate, but that rule has no application to this case. Cases, supra.

"An offer must be so definite in its terms, or require such definite terms in the acceptance, that the promises and performances to be rendered by each party are reasonably certain." Restatement of the Law of Contracts, Vol. 1, sec. 32.

The agreement set out in the counterclaim, as amended, lacks that certainty and definiteness which is necessary to spell out a valid contract.

It follows that the court's ruling on the demurrer was correct, and the judgment is affirmed.