## LEES et al. v. CHURCHILL DISTILLING CO.

Civil Action No. 699.

District Court, W. D. Kentucky, at Louisville.

Oct. 7, 1947.

Louis H. Brownstone, of San Francisco, Cal., and Wm. Marshall Bullitt and William Mellor, both of Louisville, Ky., for plaintiff.

Oldham Clarke and Allen, McElwain, Dinning & Clarke, all of Louisville, Ky., for defendant.

SHELBOURNE, District Judge.

In the original complaint, filed in this action, M. H. Lees and Jack R. Clumeck, doing business as partners under the name of Westco Liquor Products Company, sued to recover from defendant Churchill Distilling Company $142,500 for the alleged breach of a contract evidenced by two letters, written in May 1941, providing for the sale of whiskey over the period from May 10, 1941, to May 10, 1943.

Subsequently, M. H. Lees, Jr., came into the plaintiff partnership and was made a party plaintiff in this action.

Plaintiff will hereafter be referred to as "Westco" and the defendant as "Churchill."

The original complaint was filed May 4, 1944. By an amended complaint, filed May 3, 1946, plaintiff increased the amount sought to be recovered to $222,793.

A motion to dismiss the complaint was considered by Judge Shackelford Miller, Jr., then Judge of this Court. It was alleged by defendant, in support of that motion, that the alleged contract required nothing of Westco; was indefinite as to quantity and price of whiskey to be furnished; was not supported by a consideration and was unilateral in that Westco could terminate the contract by failure to place orders and was given an express right to terminate the contract, with no corresponding right of termination being given Churchill.

Defendant's motion to dismiss was overruled January 3, 1945, and, in the memorandum filed by Judge Miller, it was determined that the contract in the first paragraph provided for the sale of 850 barrels of whiskey, which contemplated sale was fully consumated; that the following paragraphs of the contract dealt with the appointment of plaintiffs by the defendant as exclusive distributor of defendant's whiskey in the territory defined in the letter.

Judge Miller held that if the two matters—sale of the 850 barrels of whiskey and appointment of plaintiffs as distributor—constituted separate parts of one entire contract, then the sale of the 850 barrels of whiskey furnished the consideration for the entire contract, but, that if the matters of the sale of whiskey and the appointment as distributor, were separate and independent transactions, then the distributorship contract was unilateral and therefore void and that the complaint was sufficient in its allegations that on June 15, 1942, the plaintiffs placed an order with the defendant for 300 barrels of whiskey, which the defendant refused to deliver, in compliance with the contract, on the grounds that defendant was maintaining an open and continuous offer to sell under the terms of the contract and that the placing of the order constituted an acceptance.

The case was tried to the Court without a jury on May 3, 1946.

### Findings of Fact.

1. Plaintiffs, Milton H. Lees and Jack R. Clumeck, are citizens and residents of San Francisco, California.

2. Defendant, Churchill Distilling Company, was formerly a Kentucky corporation, engaged in the business of distilling and selling whiskey, with offices at Louisville, Kentucky. The corporation was dissolved on April 30, 1944, prior to the institution of this action. In December 1942, I. Strouse of Baltimore, Maryland, purchased all of the outstanding capital stock of Churchill. Prior to that time, Sidney L. Frentz was Vice President of Churchill and his brother, Milton H. Frentz, was Secretary and Treasurer of Churchill and manager of its distillery at Boston, Nelson County, Kentucky.

3. Early in May 1941, Milton Lees conferred with Sidney Frentz regarding the purchase of Churchill whiskey by Westco and discussed the terms of a proposed agreement which would give Westco an exclusive agency to sell Churchill whiskey in California, Nevada, Alaska and the Hawaiian Islands.

4. By a writing dated May 8, 1941, Westco ordered 800 barrels of Churchill whiskey, the sale of which was confirmed by a letter date May 10, 1941.

5. On May 9, 1941, Sidney Frentz mailed to Milton Lees, at New York, draft of the letter dated May 10, 1941.

6. On May 14, 1941, Milton Lees, after revising the letter of May 10, 1941 from Sidney Frentz, returned it. The revised copy is as follows:

"May 10, 1941

"Mr. Milton Lees
  "Westco Liquor Products Company
  "222 Front Street
  "San Francisco, California
"Dear Mr. Lees:
  "We are herewith confirming our arrangements with you regarding your purchase from us of the following Churchill whiskey:
  "300-barrels Churchill Spring 1940 January through June at 62½¢ intax, less charges
  "200-barrels Churchill Fall 1940 July through December at 57½¢ intax, less charges

"50-barrels per month Churchill Spring 1941, January through June at 52½ intax, charges from date of inspection.

"Approximately 300-barrels Churchill Fall 1941, Quantity and price to be determined later.

"The warehouse receipts are to be issued in the name of the Westco Liquor Products Company, San Francisco, in 5-barrel denominations. Draft to be forwarded through the Anglo California National Bank, San Francisco, California.

"We have appointed you exclusive distributor for California, Nevada, Alaska and the Hawaiian Islands on Churchill Bottled in Bond or free bottling under the Churchill Brands, and we agree not to ship any case goods irrespective of brands whether Bottled in Bond or free bottling to anyone or any firm in the territory referred to and we give you the privilege of using the Cyrus Frazier legal 'distilled by the Churchill Distilling Company and bottled by Westco Products Company' to be used on Churchill, bottled at the plant of the Westco Liquor Products Company, San Francisco, California. It is also agreed that Churchill whiskey may be Bottled in Bond on the Pacific Coast under the Cyrus Frazier Label or some other Churchill brands to be selected by Westco Liquor Products Company.

"We agree to furnish you with the labels you require.

"This agreement will be in effect as long as the Westco Liquor Products Company continues to place orders with us for contract whiskey, minimum 50-barrels per month, prices to be determined at each season with the understanding that should conditions arise beyond our control whereby we are unable to distill whiskey, then in that event, we are not required to make further deliveries of contract whiskey.

"It is also agreed that in the event the Westco Liquor Products Company wishes to terminate this arrangement at any time, it is understood that the Westco Liquor Products Company will give the Churchill Distilling Company first refusal of warehouse receipts owned and controlled by the Westco Liquor Products Company at an agreed price before offering them on the open market.

"This agreement is on the basis of a bottling arrangement covering Churchill whiskey to be bottled at our distillery. It is also agreed that we are to give the Westco Liquor Products Company the privilege of picking up Churchill '36s, '37s, '38s and '39s, or any other inspections, through various brokers or other sources with the understanding that this whiskey and any purchased directly from us is to be bottled at our distillery or at the plant of the Westco Liquor Products Company, San Francisco, under its private brands. We also agree to waive handling charges covering Churchill whiskey bought from us under this contract, or secured on the open market.

"We are herewith submitting our bottling charges as follows:

| BOTTLED IN BOND | | FREE BOTTLING | |
|---|---|---|---|
| Quarts | $1.50 | Quarts | $1.35 |
| Pints | 2.00 | Pints | 1.85 |
| ½ Pts | 2.75 | ½ Pts | 2.60 |

"For the new Delux package add 10 cents per case.

"F.O.B. Distillery

"Churchill, Nelson County, Kentucky

"The above bottling charges are subject to change in the event of any increase in the cost of the supplies and labor that is used in the production of the bottling of whiskey.

"It is also required that when request is made for the tax payment that remittance of $130.00 per barrel is to be forwarded to apply on the Federal Taxes. Bottling charges are on a net cash basis.

"We would appreciate your signing this agreement, returning to us for our files.

"Yours very truly,
"Churchill Distilling Company
"(Signed) Sidney L. Frentz
"Vice President

"Date 5/14 1941
"Westco Liquor Products Company
"By (Signed) Milton H. Lees"

7. Letter dated May 19, 1941, is as follows:

"Mr. Milton Lees
"Waldorf Astoria Hotel
"New York, N. Y.
"Dear Milton:

"We are pleased to receive yours of May 14, together with agreement, and are here-

with submitting several changes for your approval.

"Paragraph #3:—There should be a specific time limit covering Churchill brands and private brands bottled at our distillery, Churchill, Nelson County, Kentucky, for territories set out in this agreement, say, one year from date May 10th, 1941, with the understanding this agreement is renewable, providing it meets with the approval of both parties concerned. Naturally we are flexible, and will work together.

"It was agreed that the Cyrus Frazier Lable only was to be bottled in Free and Bottled in Bond on the Pacific Coast.

"Paragraph #4:—We would like to have further information regarding same. This paragraph reads 'We agree to furnish you with the labels you require.' Please advise us regarding regulations in California permitting the use of distillery labels to be bottled Free or Bottled in Bond, in California.

"Milton, these are just a few minor changes, so please let us have your approval immediately at which time we will add a supplement to our agreement.

"With kindest personal regards to you and Mrs. Lees, I remain,

"Sincerely yours

"Churchill Distilling Company "S. L. Frentz/av."

8. Letter dated May 27, 1941, is as follows:

"Mr. Milton Lees

"Westco Liquor Products Company

"222 Front Street

"San Francisco, California

"Dear Mr. Lees:

"Pursuant to our telephone conversation, and your wire of May 24th, 1941, the following supplement is to be added to our agreement.

"Specific time limit extended to May 10th 1943 covering Churchill Brands and private brands bottled at our distillery, Churchill, Nelson County, Kentucky, for territories set out in this agreement with privilege of extension by mutual consent of both parties concerned.

"The Cyrus Frazier label only is to be used for the Pacific Coast bottling.

"The above supplement is to be added to our agreement of May 10th, 1941, and would appreciate your signing, returning to us for our files.

"Yours very truly,

"Churchill Distilling Company

"(Signed)  Sidney L. Frentz

"Vice President

"Date 6/4 1941

"Westco Liquor Products Company

"By (Signed)  Milton H. Lees"

9. Letter dated June 4, 1941, from Milton Lees to Sidney Frentz, is, in part, as follows:

"We beg to enclose herewith signed copy of our memo of May 27th, which is made a part of the agency agreement dated May 10th. * * *

"The first, I am just wondering if we couldn't work a deal with you something along the line of the deal you had with Mr. Paul Ruben, namely, that we would solicit and accept orders for current production or other inspections if you have any to offer. These orders to be secured from other wholesalers or rectifiers in the territory covered by our agreement and we to receive a commission covering such sales which might be termed a regular brokerage business."

10. Letter dated June 7, 1943, from Sidney Frentz to Milton Lees is, in part, as follows:

"Am indeed pleased to receive yours of June 4th enclosing supplement to our agreement properly executed. * * *

"Milton, regarding additional current whiskies, as outlined by you, we have withdrawn our quotations on same.

"However, should we decide at a later date to offer some of these inspections, we will be more than pleased to get in touch with you."

11. The letter of May 10, 1941, confirmed the sale of 800 barrels of whiskey from Churchill to Westco, and confirmed or arrangement for the sale of "approximately 300 barrels of Churchill Fall 1941, quality and price to be determined later."

Subsequent to May 10, 1941, Churchill sold 1250 barrels of whiskey to Westco, on

the following dates and at the following prices:

ing that period of time Churchill was engaged in the production of alcohol.

Letter of May 10, 1941

| Date | Inspection | Barrels | Price |
|------|-----------|---------|-------|
| June 30, 1941 | Spring '40s Jan. June | 300 | 62½¢ |
| July 15, 1941 | Fall '40s, July, August September and December | 200 | 57½¢ |
| July 15, 1941 | Spring '41s—Jan. & June | 300 | 52½¢ |
| Sept. 17, 1941 | Fall '41s July & August | 100 | 60¢ |
| Feb. 4, 1942 | Fall '41s, December | 50 | 62½¢ |
| April 22, 1942 | Spring '42s Jan. & Feb. | 200 | 65¢ |
| June 9, 1942 | Spring '42s March & April | 100 | 67½¢ |

During the months of September, October and November 1941 and May and June of 1942, there were no purchases.

12. On December 11, 1941, Westco wired Churchill as follows:

"Having received no deliveries Fall 41 since August production and not knowing your intentions regarding deliveries of same do not invoice or make further delivery of warehouse receipts until you first notify us as to inspections regarding acceptance of same regards writing."

13. Between July 16, 1941, and February 5, 1942, Westco accepted the delivery of, paid Churchill for, 150 barrels of the approximately 300 barrels of whiskey of the July through December 1941 inspections. This 150 barrels consisted of 50 barrels each of the July, August and December 1941 inspections. Churchill did not deliver the remaining 150 barrels (September, October and November inspections), because, from September 8 through November 18, 1941, Churchill was unable to distill whiskey due to a seasonal shortage of water.

14. Between February 5th and June 15, 1942, Westco ordered and received from Churchill, and paid Churchill for, whiskey in the quantities, of the inspections and at the prices listed below:

| Quantity | Inspection | | Price | | |
|----------|-----------|------|-------|-----|-----|
| 100 barrels | January | 1942 | 65¢ | per gallon |  |
| 100 " | February | 1942 | 65¢ | " | " |
| 50 " | March | 1942 | 67½¢ | " | " |
| 50 " | April | 1942 | 67½¢ | " | " |

No order for whiskey was placed by Westco after June 15, 1942.

15. Churchill distilled no whiskey from September 20, 1942 to August 1944. Dur-

16. In November 1942, I. Strouse, of Baltimore, Maryland, purchased the entire capital stock of Churchill.

17. By letter dated December 3, 1942, Westco asserted a claim on account of an alleged default on the part of Churchill, which Westco claimed occurred in June 1942.

18. In 1941, Westco sold straight whiskey and no blends. Cyrus Frazier is a brand of straight whiskey. There was no ceiling price on whiskey in 1941 and not until May 11, 1942, did the Office of Price Administration issue a regulation fixing the maximum price on whiskey.

19. Westco did not place with Churchill any order for whiskey, which Churchill failed to deliver. The wire of June 15, 1942, from Westco to Churchill reading—

"Should we request it could we secure 50 additional each March and April 1942 and also could you accept an order for 100 each May and June 1942 wire reply regards"

did not constitute an order.

20. By the telegram of December 11, 1941, Westco relieved Churchill of any obligation to furnish whiskey under the original contract, and after that date each sale constituted a separate bargain and sale.

Conclusions of Law.

█ I. The contract evidenced by the letters of May 10, May 19, and May 27, 1941, does not constitute an enforceable contract, except as to the sale of 800 barrels of whiskey at prices listed in the letter of May 10, 1941. The letter contained an offer to sell an additional 300 barrels, Fall 1941 inspection, provided the parties should

agree on the quantity and price, but no method was agreed upon or stated in the contract by which the prices could be determined. Neither the quantity, nor the price, was fixed by the contract or left to be fixed by any method or formula agreed on by the parties or determinable by any previous course of dealing between the parties. The rule in United States v. Swift & Co., 270 U.S. 124, 46 S.Ct. 308, 70 L.Ed. 497, is not applicable.

II. The appointment of Westco, as distributor of Churchill, in the territory set out in the letter, conditioned the continuance of the distributorship upon Westco ordering a minimum of 50 barrels of Churchill whiskey per month. The obligation to furnish whiskey, if any, was revoked by Westco by its telegram of December 11, 1941, in which Churchill was advised not to invoice or make any delivery of whiskey, unless the parties agreed.

III. There was no legal requirement on the part of Westco to buy any whiskey after December 11, 1941, nor was there any corresponding obligation on the part of Churchill to sell Westco whiskey thereunder. Fowler's Bootery v. Selby Shoe Company, 273 Ky. 670, 117 S.W.2d 931; Canadian National R. Company v. George M. Jones Company, 6 Cir., 27 F.2d 240; Williston on Sales, Section 168; Alwart Bros. Coal Company v. Royal Colliery Company, 7 Cir., 234 F. 20.

IV. Damages are not recoverable for loss of alleged profits, which are speculative, uncertain and fanciful and not within contemplation of the parties when the contract is executed. Howard Supply Company v. Wells, 6 Cir., 176 F. 512.

V. The letters embodying the agreement between the parties amount to a sale of 800 barrels of whiskey, and the appointment of Westco as a distributor for Churchill products on the West Coast, so long as Westco placed orders for a minimum of 50 barrels per month and an offer to sell whiskey to Westco beginning with the Fall 1941 inspections, provided the parties should agree upon the quantity and prices and gave Westco the right to terminate the contract at any time within the two-year term. The sale of the 800 bar-

rels of whiskey was a separate contract from the offer to sell thereafter in connection with the appointment of Westco, as distributor.

Judgment may be tendered, on notice to plaintiffs, dismissing the complaint.