**John J. COLEMAN et al., Appellants,**

v.

**Andrew PONTICOS et al., Appellees.**

Court of Appeals of Kentucky.

Oct. 15, 1965.

Robert F. Greene, Burlington, for appellants.

Howell W. Vincent, Rodney S. Bryson, Covington, for appellees.

HILL, Judge.

This is an appeal from a judgment entered on appellee's motion for summary judgment, in appellee's suit to cancel a contract and performance bond.

The Colemans, who owned a house in a subdivision being developed by appellee, Andrew Ponticos, had previously filed an action against Ponticos seeking to enjoin him from building any more houses in the subdivision on the ground that he was not complying with restrictions reserved in the deed to the Colemans. Before entry of a judgment in that case the parties executed the contract and performance bond which are the subject of this action.

The contract, dated December 15, 1961, provided that on June 15, 1962, the Colemans would convey and Ponticos would purchase the Coleman property for $19,350. Ponticos agreed to and did execute a $5000 performance bond with the appellee, The Cincinnati Insurance Company, as surety. The Colemans in turn agreed to waive, release and forever quitclaim all right, title and interest they had in the restrictions set out in their deed. They also agreed to dismiss the suit seeking to enjoin Ponticos from building any more houses.

On the date set in the contract for conveyance Ponticos filed this action to enjoin the Colemans from enforcing the contract. The Colemans counterclaimed against Ponticos and cross-claimed against The Cincinnati Insurance Company.

At the conclusion of a hearing on motion for summary judgment the chancellor entered judgment declaring the contract in question void for "lack of mutuality," and adjudging Ponticos the relief he sought in his complaint. We conclude the chancellor was in error in so finding. The contract is valid. 17 Am.Jur.2d Contracts, Section 104; Fowler's Bootery v. Selby Shoe Company, 273 Ky. 670, 117 S.W.2d 931; and Rodgers v. Larrimore & Perkins, 188 Ky. 468, 222 S.W. 512.

The judgment is therefore reversed with directions that it be set aside, and that the parties be heard on issues presented by the pleadings.

Judgment reversed.