# United States Fidelity & Guaranty Co. v. Cahill.

### (Decided Feb. 14, 1936.)

HITE H. HUFFAKER and JOHN R. MOREMEN for appellant.
ROBERT L. PAGE and ALLEN P. DODD for appellee.

OPINION OF THE COURT BY JUDGE STITES—Reversing.

This is an appeal from a judgment of the Jeffer-

son circuit court dismissing the petition of appellant after a demurrer had been sustained thereto and appellant had declined to plead further. About the 28th of May, 1920, the appellee, J. H. Cahill, entered into a contract with the commonwealth of Kentucky for the construction of a highway in Jefferson county. Under the terms of the contract, Cahill was to be compensated for the construction of the highway by a schedule of payments applicable to each class of work involved. Naturally, it was not possible to determine accurately the total amount that would be paid under the contract. It was estimated by the highway engineer that the total contract would amount to $518,000, while Cahill's estimate was $414,000. As a matter of fact, the total amount actually paid was $739,826.31. Pursuant to the contract, Cahill entered into a performance bond to the commonwealth of Kentucky, in the penal sum of $530,000, with the appellant as his surety thereon. He executed an application and indemnity agreement to the appellant on one of its regular printed forms. Like many of these printed forms, the agreement is long and intended to cover a variety of situations. So far as pertinent here, it provides that in consideration of appellant becoming surety on the bond,

"That said Principal will pay to the Company in advance a premium or premiums of $——— for the bid or proposal bond (the same to be credited on the premium for the faithful performance bond), and a premium of $7,950.00 being computed at the rate of $15.00 per thousand dollars of the contract amount stated above for the term of two years or fraction thereof, and an additional premium of $——— at the rate of $——— per thousand dollars of the contract amount stated above, annually in advance thereafter, until the Principal shall have served upon the United States Fidelity & Guaranty Company, at its office in the City of Baltimore, competent legal written evidence of its discharge from such suretyship and from all liability by reason thereof. *Should the contract exceed the amount stated herein the Principal agrees to pay to the United States Fidelity & Guaranty Company, as excess, or additional premium, a further sum calculated at the same rate per thousand dollars for such excess contract amount.*"

It is claimed by the appellant in this action that under the wording of the agreement italicized it is entitled to $3,147.93 additional premium figured on the basis of a two-year rate on the amount by which the actual payments under the contract exceed $530,000, the amount of the bond.

The record does not show on what theory the trial court proceeded in sustaining a demurrer to the petition, but we are advised in appellant's brief that the court took the view that the agreement was wanting in mutuality in so far as it provided for the payment of excess premium if the payments exceeded the estimate of $530,000 and did not provide for a refund if the payments fell below that amount. We do not think that the agreement, as alleged, is open to objection on this theory.

The fact that appellee paid a premium in a fixed amount upon the execution of the contract by appellant does not militate against the validity of an executory promise to pay a further premium on the condition that the contract amount exceeded the amount named in the application for a bond. The entire sum was the "price" of appellant's promise. The court cannot make an agreement for the parties, and the mere circumstance that there was no provision for a refund in the event that the contract amount was less than the figure named in the application does not mean that the promises are not supported by consideration. That the obligation undertaken on one side is not commensurate with that undertaken on the other is not of itself a lack of mutuality. Williston on Contracts, vol. 1, sec. 140.

It is alleged in the petition that the appellee agreed to pay a premium "at the rate of $15.00 per $1,000.00 upon the total amount of money received by him in payment of the work done upon the construction of said road." Doll v. Young, 149 Ky. 347, 149 S. W. 854; Terrell v. McHenry, 121 Ky. 452, 89 S. W. 306, 28 Ky. Law Rep. 402. Whether or not this was the correct interpretation of the agreement it is unnecessary for us to determine, since it is admitted by appellee's demurrer. Accepting this allegation, there is nothing requiring interpretation, and, in the absence of some showing that the words are subject to a different construction than that placed on them by appellant or

were differently understood by appellee, we are of the opinion that the petition stated a cause of action and that the court erred in sustaining a demurrer thereto.

Judgment reversed.