**Howard H. HAMRICK et al., etc.,**
**Appellants,**

**v.**

**CITY OF ASHLAND, Ky. et al.,**
**Appellees.**

Court of Appeals of Kentucky.

Feb. 27, 1959.

J. W. McKenzie, Ashland, Calvin R. Gearhart, County Atty., Catlettsburg, for appellants.

A. W. Mann, Davis & Vigor, Ashland, for appellees.

MOREMEN, Judge.

The appellants are the Commissioners of the Westwood Water District, located in Boyd County adjacent to the City of Ashland. The appellees are the City of Ashland, its Mayor, Board of City Commissioners and C. H. Wheatley. The latter is a person who, over the years, has developed a water distribution system in an unincorporated residential area adjacent to the City of Ashland.

On the 29th day of June, 1955, the City of Ashland entered into a contract with Wheatley by the terms of which the City agreed to sell water to Wheatley for distribution through his water system for an original term of five years. The contract contained this provision:

"Should the party of the second part desire to sell his water system at any time during the term of this contract or any extension thereof, the City of Ashland shall have first option to purchase same at a price no higher than the highest acceptable price offered by any other person, firm or corporation. The party of the second part shall give the party of the first part written notice of such offer and thereafter the party of the first part shall have a period of ninety (90) days from and after the receipt of such notice within which to purchase said water system at the price stipulated or reject such offer."

On April 10, 1957, the Westwood Water District was formed and its territorial limits embraced all the area served by Wheatley's water system.

On October 15, 1957, the Westwood Water District entered into a contract with Wheatley by the terms of which he agreed to sell his water system to the District for the sum of $109,000. That contract contained this provision:

"This option is subject to all the terms and conditions of that certain Agreement between the party of the first part and the City of Ashland, Kentucky, dated June 29, 1955, to the extent only that said Agreement is valid. A copy of said Agreement is attached hereto and made a part hereof."

Wheatley notified the City of the offer from the Water District and, within proper time, the City exercised its option under the contract with Wheatley.

Suit was brought by the Water District to enjoin the City from buying the water system from Wheatley. The Boyd Circuit Court dismissed the action and from that judgment this appeal has been prosecuted.

Appellant contends that it has exclusive right to purchase a water supply line or system that is within its territorial boundaries, by virtue of subsection (1) of KRS 74.100, enacted in 1930. This reads:

"Whenever a water supply line or system is in operation in any water district, and is supplying water to the citizens and landowners, and the commission deems it expedient to acquire the existing system, they may examine it, and if they find it properly designed and constructed they may purchase it, and pay for it in the same manner as provided for the original construction and improvement; or may pay for it in whole or in part out of any surplus funds in possession, receipt or an-

ticipation of receipt by the commission."

The City of Ashland claims authority to purchase the water system under KRS 96.150, enacted several years after the above statute. This reads:

"Any city that owns or operates a water supply system may extend the system into, and furnish and sell water to any person within, any territory contiguous to the city which lies within five miles of the corporate limits, and may install within that territory necessary apparatus. For this purpose the city may condemn or otherwise acquire franchises, rights and right of ways, as private corporations may do."

We cannot accept appellants' theory that KRS 74.100 gives an exclusive right to purchase the water system. It seems to us that the statute anticipates that two or more water systems may operate side by side. This was indicated in Board of Commissioners of Louisville Extension Water District v. Yunker, Ky., 239 S.W. 2d 984, where it was held that a municipally owned water company had the right to furnish water outside the corporate limits of a city to consumers being served at the time of organization of a water district which the company was in position to serve and which the district would not be able to serve within the immediate future.

It appears to us that it was the intention of the Legislature, by this statute, to give a water district the power to purchase another water system within its district, but not to coerce the other water system to sell to it. Our interpretation is strengthened by the fact that several years after the enactment of KRS 74.100, the General Assembly enacted KRS 96.150 which gave a city the right to operate in contiguous territory and to condemn or acquire other franchises without specifically excluding territory which might lie in a water district.

■ Appellant next contends that the contract between the City of Ashland and Wheatley was void for several reasons:

First, because the title to the ordinance which authorized the Mayor of the City of Ashland to enter into a contract with Wheatley was defective. The title to the ordinance reads: "An Ordinance authorizing and directing the Mayor of the City of Ashland, Kentucky, to execute on behalf of said City a certain contract with Hobert Wheatley for the furnishing of water to certain suburban communities." Appellants argue that since this title did not specifically set forth the option clause, it was defective.

We think the title was sufficient because it related to one subject, that is, the water contract with Wheatley. A copy of the contract proposed to be executed was attached to the ordinance and it was not necessary for the title of the ordinance to serve as an index for every covenant contained in the contract. We think the title gave notice of its entire contents.

■ Second, it is insisted that no consideration was expressed in the contract. Under this contract, the City of Ashland agreed to sell water to Wheatley who, in turn, agreed to pay for the water at a rate per thousand gallons of water metered and delivered to him. The option clause was a part of that contract. It is not necessary that each clause of a contract carry with it a specific consideration. It is sufficient if the overall agreement has a consideration. Nor does a contract lack mutuality because the obligation undertaken on one side is not commensurate with that undertaken on the other. United States Fidelity & Guaranty Co. v. Cahill, 264 Ky. 135, 94 S.W.2d 320. Even if the option had been without consideration, it would have become a binding contract when accepted by the City. Klatch v. Simpson, 237 Ky. 84, 34 S.W.2d 951.

Finally it is argued that the consideration has failed because the City has never furnished Wheatley any water under the

contract. Under the contract, the City is under duty to furnish any water that may be required by Wheatley during the five year term of the contract or any extension thereof. Apparently, Wheatley has never requested that water be furnished during that period. Nevertheless, the City is under obligation to do so during the life of the contract.

■ We have had grave doubts as to whether appellants had any right to question the validity of this contract in view of the fact that the contract was not made for the benefit of the water district. However, since the water district did have the right to raise the question concerning whether it had exclusive right to furnish water within the territorial limits of the district, we have elected to discuss briefly the other points.

We are of opinion that the trial court properly decided the case and the judgment is therefore affirmed.