Fred CAIN, Appellant,

v.

S. C. WHITE, Jr., Appellee.

Court of Appeals of Kentucky.

Feb. 28, 1964.

Rehearing Denied April 17, 1964.

clip wheel, gave Cain the exclusive right to manufacture the wheel for which Cain was obligated to pay the specific pecuniary consideration so long as he manufactured and sold the wheeel. Mutuality exists even though the contractual obligations were not exactly commensurate one with the other. Hamrick v. City of Ashland, Ky., 321 S.W.2d 401; United States Fidelity & Guaranty Co. v. Cahill, 264 Ky. 135, 94 S.W.2d 320. The fact that Cain could terminate the contract does not relieve him of his obligation to pay White for the units sold during 1959 and 1960. See 1A Corbin on Contracts, Section 168, pages 94–96. Hence, the court properly granted recovery under the contract.

The judgment is affirmed.

James F. Clay, Danville, for appellant.

Wesley Gilmer, Jr., Danville, for appellee.

WADDILL, Commissioner.

Neither appellant, Fred Cain, nor appellee, S. C. White, when terminating their partnership business in 1954, desired to dispose of his interest in a certain clip wheel upon which they had applied for a patent. Instead, they made it the subject of a separate contract by the terms of which Cain was permitted to manufacture this wheel so long as he paid White 55¢ for each unit he sold and guaranteed him a minimum payment of $500 a year. Pursuant to this contract Cain manufactured the wheel and paid White from 1955 through 1958. During 1959 and 1960 Cain continued making the wheel but refused to pay White the sum due him under their contract.

White brought this action to recover the amount Cain allegedly owed him for 1959 and 1960. From a judgment entered against him, Cain appeals contending that the contract is unenforceable as lacking in mutuality since no duties or obligations were imposed on either party.

As we view the contract it is enforceable because White, a co-owner of the

